COMMONWEALTH of Pennsylvania,
Appellee

v.

Thomas John LEONARD, Appellant.

Superior Court of Pennsylvania.

Submitted March 10, 2008.

Filed June 11, 2008.

Philip M. Masorti, State College, for appellant.

Ryan C. Gardner, Assistant District Attorney, Williamsport, for Commonwealth, appellee.

BEFORE: STEVENS, PANELLA, and HUDOCK, JJ.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Lycoming County, which presided over Appellant's bench trial and convicted him of DUI–Highest rate of alcohol, 75 Pa.C.S.A. § 3802(C), DUI–General impairment, 75 Pa.C.S.A. § 3802(A)(1), Obedience to authorized persons directing traffic, 75 Pa.C.S.A. § 3102, and Public drunkenness and similar misconduct, 18 Pa.C.S.A. § 5505. Sentenced to three years' placement in the Intermediate Punishment Program, the first ninety days of which involve incarceration at the Lycoming County Prison/Prerelease Center, Appellant has filed the present appeal in which he argues suppression of DUI evidence was required as the product of an investigative detention unsupported by reasonable suspicion. We affirm.

¶ 2 On November 12, 2005, at approximately 2:03 a.m., Officer Norman Cowden of the Duboistown Police Department received a police dispatch based on an anonymous tip of a large group of people fighting below the railroad tracks behind the J.P. Sports Bar in South Williamsport. N.T. 9/8/06 at 8. Situated on land between Conrail property and the Susquehanna River, the reported location was fairly isolated. Id. at 29, 37. Officer Cowden also described the location as having more than a normal rate of crimes such as vehicular break-ins and fights because it was proximate to the bar. Id. at 27.

¶ 3 Officer Cowden drove his marked police vehicle to the location in less than one minute. From about 150 feet away,

Officer Cowden could see Officer Brown had pulled up to the sports bar in his patrol car, alighted the car, and was walking down toward a group of more than ten men at the reported location. N.T. at 9, 28. At that point, Officer Cowden saw two men running at a fast pace back across the railroad tracks toward the rear of the bar. Id. Officer Cowden lost sight of the two men, so he turned his patrol car around and drove to the front of the bar to improve his view of the surrounding grounds. N.T. at 11.

¶ 4 Just then, he heard two car doors slam shut and a car appear from the bar's front parking lot. Id. Officer Cowden shone a spot light on the vehicle and hollered several commands to stop based on the belief that the driver, Appellant, was one of the two men running[1] from the crowd and had been involved in the criminal activity described in the dispatch. N.T. 11, 25. It was Officer Cowden's intention, according to his testimony, to detain Appellant until Officer Brown informed him on the status of the reported fight.

¶ 5 Appellant, whose driver's side window was open, failed to heed the command and drove on. Id. Officer Cowden had now formed the suspicion that Appellant was also DUI given Appellant's failure to stop along with the "long and dropped" appearance of his face. N.T. at 12. Officer Cowden therefore pursued Appellant and detained him as he was stopped at a red light just down the road. N.T. at 13. The investigative stop culminated in an arrest on probable cause of DUI.[2]

¶ 6 Facing the charges cited *supra*, Appellant filed a motion to suppress in which he disputed the existence of reasonable suspicion supporting the investigative stop. After Officer Cowden testified at the hearing, the parties agreed with the court's observation that the issue was whether Officer Cowden possessed reasonable suspicion that Appellant was engaged in criminal activity when he commanded Appellant to stop his car. To this observation, the Commonwealth argued that the officer had the authority to stop Appellant to maintain the *status quo* until the officer could learn whether there was, in fact, a fight and if Appellant was involved. N.T. at 45.

¶ 7 In its opinion and order denying Appellant's motion to suppress, the court found that reasonable suspicion supported the investigative detention.

> In the instant case, Officer Cowden testified that because he saw Defendant running across the parking lot away from the crowd just as Officer Brown was approaching the crowd, he believed Defendant may have been involved in the fight to which he had been dispatched, and since he did not know if someone had been hurt, he felt it necessary to stop Defendant to investigate. The Court believes Officer Cowden's observations provided him with reasonable suspicion that Defendant was engaged in criminal activity.

Suppression Court Opinion dated 9/12/06 at 2. Appellant thereafter proceeded to bench trial and was convicted on all counts. This timely appeal followed.[3]

---

**1.** Officer Cowden testified that Appellant possessed the same thin build and light-colored clothing as one of the men running across the railroad tracks just moments before. N.T. at 30–31.

**2.** Officer Cowden would later learn from Officer Brown that the group had dispersed upon his arrival and that he discovered no evidence to confirm a fight had taken place. N.T. 3/6/06 at 26; N.T. 9/8/06 at 28.

**3.** We note the Commonwealth has filed no brief in this appeal.

¶ 8 Appellant raises one issue for our review:

### I. DID THE SUPPRESSION COURT ERR IN HOLDING THAT THE OFFICER HAD REASONABLE SUSPICION THAT DEFENDANT WAS INVOLVED IN CRIMINAL ACTIVITY SO THAT THE DETENTION OF DEFENDANT WAS NOT IN VIOLATION OF DEFENDANT'S CONSTITUTIONAL RIGHTS AS SET FORTH IN THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 8 OF THE PENNSYLVANIA CONSTITUTION?

Brief for Appellant at 4.

The standard and scope of review for a challenge to the denial of a suppression motion is whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. When reviewing rulings of a suppression court, we must consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports findings of the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Graham,* 949 A.2d 939, 941–942 (Pa.Super.2008) (citation omitted).

Article I, § 8 of the Pennsylvania Constitution and the Fourth Amendment of the United States Constitution afford protections against unreasonable searches and seizures. Among the protections is the requirement that an officer have reasonable suspicion before an investigatory stop. *Terry v. Ohio,* 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Commonwealth v. Hicks,* 434 Pa. 153, 253 A.2d 276, 280 (Pa.1969).

In deciding whether reasonable suspicion exists for an investigatory stop, our analysis is the same under both Article I, § 8 and the Fourth Amendment. *Commonwealth v. McClease,* 750 A.2d 320, 324 (Pa.Super.2000). *See also Commonwealth v. Jackson,* 548 Pa. 484, 698 A.2d 571, 573 (1997) (stating that "Pennsylvania has always followed *Terry* in [investigatory detention] cases.").

The fundamental inquiry is an objective one, namely, whether "the facts available to the officer at the moment of the [intrusion] 'warrant a man of reasonable caution in the belief' that the action taken was appropriate." This assessment, like that applicable to the determination of probable cause, requires an evaluation of the totality of the circumstances, with a lesser showing needed to demonstrate reasonable suspicion in terms of both quantity or content and reliability. *Commonwealth v. Zhahir,* 561 Pa. 545, 751 A.2d 1153, 1156 (2000) (quoting *Terry,* 392 U.S. at 21–22, 88 S.Ct. 1868) (citations omitted).

Among the factors to be considered in forming a basis for reasonable suspicion are tips, the reliability of the informants, time, location, and suspicious activity, including flight. *Commonwealth v. Freeman,* 563 Pa. 82, 757 A.2d 903, 908 (2000) (noting that "nervous, evasive behavior such as flight is a pertinent factor in determining reasonable suspicion"); *Zhahir,* 751 A.2d at 1157 (stating that the expectation of criminal activity in a given area and nervous or evasive behavior are factors); *Commonwealth v. Albert,* [767 A.2d 549 (Pa.Super.2001)] (pointing to the reliability of an informant's tip as well as time and place as factors in determining reasonable suspicion); *Commonwealth v. Pizarro,* 723 A.2d 675, 680 (Pa.Super.1998) (finding

that flight and presence in heavy drug-trafficking areas are factors).

While a tip can be a factor, an anonymous tip alone is insufficient as a basis for reasonable suspicion. *Wimbush,* 750 A.2d at 811; *Jackson,* 698 A.2d at 572. Such anonymous tips must be treated with particular suspicion. *Jackson,* 698 A.2d at 573. Likewise, presence in a high crime area alone or flight alone does not form the basis for reasonable suspicion. *Commonwealth v. Cook,* 558 Pa. 50, 735 A.2d 673, 677 (Pa.1999). However, a combination of these factors may be sufficient. *See Zhahir,* 751 A.2d at 1157 (noting that suspicious conduct corroborates an anonymous tip); *Cook,* 735 A.2d at 677 (stating that circumstances which alone would be insufficient may combine to show reasonable suspicion); [ ]; *Pizarro,* 723 A.2d at 680 (finding that flight along with presence in heavy drug-trafficking area may demonstrate reasonable suspicion).... *Terry,* 392 U.S. at 22, 88 S.Ct. 1868 (innocent facts, when taken together, may warrant further investigation); *Commonwealth v. Riley,* 715 A.2d 1131, 1135 (Pa.Super.1998) ("a combination of circumstances, none of which alone would justify a stop, may be sufficient to achieve a reasonable suspicion").

*In the Interest of M.D.,* 781 A.2d 192, 196–97 (Pa.Super.2001).

■ ¶ 9 Applying the totality of the circumstances test to the present case, we conclude the facts that had become known to Officer Cowden by the time he ordered Appellant to stop his vehicle established a reasonable suspicion that Appellant was involved in a fight behind the barroom. While the tip of an outdoor fight received by the officer was anonymous, and therefore subject to particular skepticism, the moment Officer Cowden arrived and observed a large group of men gathered behind the bar, the tip was substantially corroborated. The time and location of the matter, moreover, further supported the officer's suspicion of crime. Assembled after 2:00 a.m. on a tract of land between railroad tracks and the river, and just a short distance from a barroom, the gathering of men was consistent with a developing fight. The final factor forming a basis for reasonable suspicion was the headlong flight of two men from the location as Officer Brown approached. Based on his thin build, light-colored clothing, the presence of a second individual in the car, and the timing of his departure from the front parking lot just moments after the flight in question, Officer Cowden was certain that Appellant was one of the two men he observed fleeing the scene. The suppression court, sitting as exclusive finder of fact, found Officer Cowden's identification in this respect credible.

■ ¶ 10 "[T]he determination of reasonable suspicion must be based on commonsense judgments and inferences about human behavior." *In the Interest of M.D.,* 781 A.2d at 199 (quoting *Illinois v. Wardlow,* 528 U.S. 119, 125, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000)). Here, an anonymous tip that a group fight was commencing, the time and location of the group's assembly, and the observation of flight upon police arrival all coalesced to create the commonsense, reasonable inference that an end-of-the-night barroom dispute had been taken outside, and that the two men fleeing the scene were somehow involved. An officer of reasonable caution in the position of Officer Cowden would thus have been warranted in the belief that it was appropriate to stop Appellant momentarily to maintain the *status quo* until Officer Brown was able to report on his findings down beyond the railroad tracks. Accordingly, we discern no abuse of discretion in the order

denying Appellant's motion to suppress evidence.

¶ 11 Judgment of sentence is affirmed.