COMMONWEALTH Of Pennsylvania,
Appellee

v.

Willie D. JOHNSON, III, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 22, 2011.
Filed Nov. 29, 2011.

Willie D. Johnson, III, appellant, pro se.

John H. Daneri, Assistant District Attorney, Erie, for Commonwealth, appellee.

BEFORE: BOWES, DONOHUE and FREEDBERG, JJ.

1. 35 P.S. 780–113(a)(16), (30), (32); 18 Pa. C.S.A. § 903.

OPINION BY DONOHUE, J.:

Willie D. Johnson, III ("Johnson") appeals *pro se* from the judgment of sentence entered following his convictions of possession of a controlled substance, possession of a controlled substance with intent to deliver ("PWID"), possession of drug paraphernalia, and conspiracy.[1] For the following reasons, we affirm.

On or about November 13, 2007, Detective Donald Dacus of the Erie Police Department met with a confidential informant ("CI"), who informed Detective Dacus that three black males were selling crack cocaine out of 457 East 8th Street, Apartment # 1. The CI stated that he[2] had purchased crack from the three men in this apartment at least eight times over the preceding 48 hours, that the men told him that they had just moved to Erie, and that the CI should tell other people that they were selling crack. Under the supervision of Detective Dacus and other members of the Erie Police, the CI performed two controlled buys from this location, which yielded a substance that tested positive for cocaine.

Based upon the information from the CI and the controlled buys, Detective Dacus conducted surveillance of the residence for a period of 24 hours, during which time he observed more than 20 people enter the residence and then exit within one to two minutes. Detective Dacus also spoke with the property owner of the building, who confirmed that these tenants had just moved in on November 10, 2007. The property owner showed Detective Dacus a copy of the lease, which contained the names Mahlon Ross, Earl Ross and Ron Ross, and indicated that they had told him

2. Whether the CI is man or woman is indeterminable from the record, but for purposes of our discussion we will refer to the CI as a man.

that they were relocating from Michigan. Based upon all of this information, Detective Dacus sought a search warrant for the premises of 457 East 8th Street, Apartment # 1 and the three occupants of the apartment.

The execution of the search yielded a substantial quantity of narcotics and led to the filing of charges against Johnson and the two other men who were living in the residence. Prior to trial, Johnson filed a motion seeking to suppress the evidence seized, arguing, *inter alia,* that the search warrant was defective. The trial court denied the motion, and the case proceeded to trial. Following two days of testimony, the jury found Johnson guilty of the above-mentioned crimes. He was later sentenced to 84 to 168 months of incarceration, to be followed by 78 months of probation.

While an initial appeal to this Court was dismissed upon the failure to file an appellant's brief, Johnson's direct appeal rights were reinstated on November 10, 2010. Counsel was appointed and this appeal followed. However, following a *Grazier* [3] hearing, the trial court granted Johnson permission to represent himself *pro se* in this appeal, and his counsel withdrew. Johnson now presents the following two issues for our review:

1. Did the [t]rial [c]ourt err by failing to grant [Johnson's] motion to suppress all evidence based on a warrant that authorized the search of three *John Does* that was unconstitutionally overbroad under Article 1 § 8 [of the Constitution of Pennsylvania] because it failed to describe with particularity those persons to be searched and did not authorize the search of all persons present?

Did the [t]rial [c]ourt err in denying [Johnson's] request to produce the confidential informant [ ] so that [Johnson] could refute material averments in the affidavit of probable cause?

Appellant's Brief at 2.

■ Johnson's first issue challenges the trial court's denial of his motion to suppress. "The standard and scope of review for a challenge to the denial of a suppression motion is whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct." *Commonwealth v. Leonard,* 951 A.2d 393, 396 (Pa.Super.2008). When reviewing the rulings of a suppression court, this Court considers only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. *Id.* When the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error. *Id.*

■ Johnson argues only that the search warrant was constitutionally defective because it failed to describe the persons to be searched with particularity. Appellant's Brief at 5. He is correct that both the Fourth Amendment of the United States Constitution and Article 1, Section 8 of the Constitution of Pennsylvania contain particularity requirements for valid search warrants. "The Pennsylvania Supreme Court has concluded Article 1, Section 8 of the Pennsylvania Constitution affords greater protection than the Fourth Amendment, including a more demanding particularity requirement that requires that the description must be as particular as reasonably possible." *Commonwealth*

---

**3.** *Commonwealth v. Grazier,* 552 Pa. 9, 713 A.2d 81 (1998).

*v. Belenky,* 777 A.2d 483, 486 (Pa.Super.2001) (citing *Commonwealth v. Grossman,* 521 Pa. 290, 555 A.2d 896, 899 (1989)). "The twin aims of Article 1, Section 8 are the safeguarding of privacy and the fundamental requirement that warrants shall only be issued upon probable cause."[4] *Id.* It provides:

> The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and *no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be,* nor without probable cause, supported by oath or affirmation subscribed to by the affiant.

PA. CONST. art. I, § 8 (emphasis added). This requirement for specificity is not strictly construed, however; it has historically been tempered by the rule that "search warrants should be read in a common sense fashion and should not be invalidated by hypertechnical interpretations. This may mean, for instance, that when an exact description of a particular item is not possible, a generic description will suffice." *Commonwealth v. Rega,* 593 Pa. 659, 684–85, 933 A.2d 997, 1012 (2007). Our law requires only that "[t]he place to be searched must be described precise[ly] enough to enable the executing officer to ascertain and identify, with reasonable effort, the place intended, and where probable cause exists to support the search of the area so designated, a warrant will not fail for lack of particularity." *Belenky,* 777 A.2d at 486 (quoting *In re Search Warrant B–21778,* 341 Pa.Super. 350, 491 A.2d 851, 856 (1985), *aff'd,* 513 Pa. 429, 521 A.2d 422 (1987)); *see also Rega,* 593 Pa. at 685, 933 A.2d at 1012 ("A warrant is defective when its explanatory narrative does not describe as clearly as possible those items for which there is probable cause to search.").

■ With regard to the issue raised by Johnson, our research has not revealed any case law addressing the particularity requirement as to the description of *persons* named in a warrant for purposes of a search. However, in the absence of any authority to the contrary, as law enforcement may use a search warrant to lawfully search locations or people, we see no reason why this standard should differ depending on whether the object of the search, as stated in the warrant, is a person or place. Accordingly, we hold that the standard for specificity articulated in *Rega, Belenky* and *In re Search Warrant B–21778* applies to descriptions of persons contained in search warrants.[5] Accordingly, in situations when the name of a person is unknown, the person to be searched must be described with sufficient precision to enable the executing officer to ascertain and identify, with reasonable effort, the person intended.

In the present case, in the portion of the warrant designated for the "specific de-

---

4. We note that Johnson does not challenge the determination that there was sufficient probable cause to support the issuance of the search warrant. Because he does not place this aspect of the warrant at issue, we will not address it. We limit our discussion to the question of whether the description contained in the warrant was overbroad.

5. The circumstance we are addressing is where, as in the present case, a search warrant identifies specific persons to be searched.

This is distinguishable from and in contrast to a warrant that authorizes the search of "all persons present" in a location. *See Commonwealth v. Hawkins,* 880 A.2d 678 (Pa.Super.2005) (discussing requirements for the authorization of "all persons present" in the execution of a search warrant). We note that the cases cited by Johnson in support of his claim involve "all persons present" warrants, and as such are distinguishable and inapplicable on that basis alone.

scription of premises/persons to be searched," it states,

457 E. 8th Street # 1—a two unit, two story, tan aluminum sided home. The enterance [sic] for the first floor is on the north side of the home. This enterance [sic] is set back from the front of the house and is located on the northwest corner. The numbers 457 are on the residence. The target apartment is on the first floor. (3) John Doe's [sic] described as (1) black male, approx. 6', 260 lbs, short hair, glasses, thin goatee, 20's to 30's in age med to dark skinned—(1) black male, approx. 6', 180 lbs., short hair, med skinned, 30's in age—(1) black male, approx. 6', 180, goatee with beard growth.

Search Warrant, 11/15/07, at 1. The trial court concluded that these descriptions were sufficiently accurate to allow the police to identify the persons intended to be searched. Trial Court Finding of Fact and Conclusions of Law, 7/21/08, at 3. In consideration of the standard for specificity, we can find no error in the trial court's conclusion that these descriptions were sufficiently precise to enable the executing officer to ascertain and identify, with reasonable effort, the persons to be searched in the apartment. Indeed, the descriptions were quite precise. As described, the search was limited to black men of particularized heights and weights, with described skin color differentiations, facial hair and hairstyles. Accordingly, this claim is without merit.

In his second issue on appeal, Johnson argues that the trial court erred in denying his request for the production of the CI at the suppression hearing so that he could "refute material averments in the affidavit of probable cause." Appellant's Brief at 11.

■ We note that "decisions involving discovery in criminal cases lie within the discretion of the trial court." *Commonwealth v. Smith*, 955 A.2d 391, 394 (Pa.Super.2008) (*en banc*). However, we need not consider whether the trial court abused its discretion because we find this issue waived. The record contains no request by Johnson for the production of the CI at the suppression hearing. Of note, there is no discovery request of record, no order ruling on a discovery motion, nor any docket entry indicating the existence of either of these.[6] The notes of testimony from the hearing on the suppression motion reveal that at that hearing, Johnson never requested that the CI be produced or objected to a trial court ruling denying such production. In short, there is absolutely no evidence of record that this issue was ever raised by Johnson in the court below. It is axiomatic that claims not raised in the trial court may not be raised for the first time on appeal. *Commonwealth v. Rush*, 959 A.2d 945, 949 (Pa.Super.2008).

Even if this claim had been properly preserved, we would find that Johnson is not entitled to relief.

Generally speaking, the production of an informant is a discovery matter and subject to the following test set forth in *Commonwealth v. Bonasorte:* [ ]

---

6. While Johnson has appended an unsigned copy of a discovery motion to his appellate brief, this does not make the motion part of the record on appeal. "[T]his Court has regularly stated that copying material and attaching it to a brief does not make it a part of the certified record." *Commonwealth v. Holley*, 945 A.2d 241, 246 (Pa.Super.2008). "It is black letter law in this jurisdiction that an appellate court cannot consider anything which is not part of the record in the case." *Commonwealth v. Martz*, 926 A.2d 514, 524 (Pa.Super.2007). That is because for purposes of appellate review, what is not of record does not exist. *Holley*, 945 A.2d at 246.

we hold that a defendant seeking production of a confidential informant at a suppression hearing must show that production is material to his defense, reasonable, and in the interest of justice. By this we mean that the defendant must demonstrate some good faith basis in fact to believe that a police officer-affiant willfully has included misstatements of facts in an affidavit of probable cause which misrepresents either the existence of the informant or the information conveyed by the informant; that without the informant's information there would not have been probable cause; and that production of the informant is the only way in which the defendant can substantiate this claim.

*Commonwealth v. Baker*, 946 A.2d 691, 693 (Pa.Super.2008) (citing *Commonwealth v. Bonasorte*, 337 Pa.Super. 332, 486 A.2d 1361 (1984) (*en banc* )).

■ In his brief, Johnson wholly fails to allege, much less prove, a good faith basis in fact to believe that the affiant, Detective Dacus, willfully included misstatements of fact regarding the information provided by the CI in the affidavit of probable cause; that there would not be probable cause to support the search warrant without the information provided by the CI; or that the production of the CI at the suppression hearing was the only way Johnson could substantiate him claim. In short, Johnson has failed to address any of the factors necessary to entitle him to relief on this claim. Accordingly, this claim would fail.

Judgment of sentence affirmed.