J-S48013-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee, | : | |
| | : | |
| v. | : | |
| | : | |
| SAMUEL D. WILLIAMS, | : | |
| | : | |
| Appellant | : | No. 1606 MDA 2013 |

Appeal from the Order entered August 21, 2013,
Court of Common Pleas, Dauphin County,
Criminal Division at No. CP-22-CR-0000545-2002

BEFORE:  DONOHUE, JENKINS and PLATT*, JJ.

MEMORANDUM BY DONOHUE, J.:　　　　　　　　　　**FILED AUGUST 01, 2014**

Samuel D. Williams ("Williams") appeals *pro se* from the August 21, 2013 order entered by the Dauphin County Court of Common Pleas.  We find, however, that because of the substantial defects in Williams' appellate brief, we must dismiss his appeal.

Rule of Appellate Procedure 2101 states:

> Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101.

Our review of Williams' appellate brief reveals the following violations of the Pennsylvania Rules of Appellate Procedure:  it does not have tables of

---

*Retired Senior Judge assigned to the Superior Court.

contents and citations in violation of Rule 2174; despite raising four issues for our review, he includes only a single paragraph of argument that is not "divided into as many parts as there are questions to be argued" in violation of Rule 2119(a); his argument contains only one citation without any explanation as to its relevance to the case before us in violation of Rule 2119(b); the authority to which he cites does not stand for the proposition for which he cites it in violation of Rule 2119(a); he includes no citations to the record in violation of 2119(c);[1] his statement of the case does not include "all the facts which are necessary to be known in order to determine the points in controversy, with an appropriate reference in each instance to the place in the record where the evidence substantiating the fact relied on may be found" in violation of Rule 2117(a)(4); he does not append to his

---

[1] Moreover, although Williams appends two orders from the lower court to his appellate brief, neither of these orders appears in the certified record on appeal.

> It is black letter law in this jurisdiction that an appellate court cannot consider anything which is not part of the record in the case. It is also well[]settled in this jurisdiction that it is Appellant's responsibility to supply this Court with a complete record for purposes of review. A failure by Appellant to insure that the original record certified for appeal contains sufficient information to conduct a proper review constitutes waiver of the issue sought to be examined.

**Commonwealth v. Martz**, 926 A.2d 514, 524-25 (Pa. Super. 2007) (internal citations omitted). "This Court has regularly stated that copying material and attaching it to a brief does not make it a part of the certified record." **Commonwealth v. Johnson**, 33 A.3d 122, 126 n.6 (Pa. Super. 2011) (citation omitted).

brief a copy of the opinion of the lower court in violation of Rule 2111(b); he does not append to his brief a copy of the relevant pleadings in the case in violation of Rule 2111(c); and the handwritten brief is neither double spaced nor 14-point font in violation of Rule 124, making it very difficult to read. Moreover, our review of Williams' brief leaves us wholly unable to discern the nature of the action below.[2]

Williams' briefing defects are so substantial that they hamper appellate review. "This Court is neither obliged, nor even particularly equipped, to develop an argument for a party. To do so places the Court in the conflicting roles of advocate and neutral arbiter." **Commonwealth v. B.D.G.**, 959 A.2d 362, 371-72 (Pa. Super. 2008) (*en banc*) (internal citations omitted). We are therefore compelled to dismiss his appeal. **See** Pa.R.A.P. 2101; **Commonwealth v. Rivera**, 685 A.2d 1011, 1013 (Pa. Super. 1996).

Appeal dismissed. Jurisdiction relinquished.

---

[2] We recognize that Williams is proceeding *pro se*. "[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." **Commonwealth v. Lyons**, 833 A.2d 245, 251-52 (Pa. Super. 2003) (internal citations omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/1/2014