J-S11006-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| AARON T. WILKINSON | |
| Appellant | No. 595 MDA 2014 |

Appeal from the Judgment of Sentence April 26, 2013
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0001288-2011

BEFORE:  PANELLA, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 10, 2015**

Appellant, Aaron T. Wilkinson, appeals *nunc pro tunc* from the judgment of sentence entered by the Court of Common Pleas of Luzerne County on April 26, 2013.  In this appeal from a DUI conviction, Wilkinson argues that the suppression court erred in denying his suppression motion.  Wilkinson maintains that the traffic stop was illegal and evidence of his refusal to submit to a breathalyzer test should have been suppressed.  We affirm.

Trooper Sandra L. DeAndrea was on routine patrol on the midnight shift when she slowed for a red light.  As she slowed down, she observed a car pass through the intersection "very fast through the light…."  N.T., Suppression Hearing, 4/19/12, at 10.  The car turned into her lane.  When the light turned green she followed the car, but had to "increase [her] speed

to catch up to [the] vehicle[.]" ***Id***., at 11. She stayed two to three car lengths behind and used her speedometer to judge the speed of the car. She "clocked" the car for two-tenths of a mile at 40 miles-per-hour—in a 25 miles-per-hour zone. ***Id***. As she followed behind, the car went from "riding on the center yellow lines to going across the road and riding on the white lines." ***Id***., at 15. Eventually, she followed the car into an intersection where the car "went through the intersection really wide," briefly leaving the lane of travel by crossing the fog line. ***Id***. Trooper DeAndrea grew concerned for other drivers on the road and conducted a traffic stop.

When she approached the vehicle, she could smell a strong odor of alcohol emanating from the driver, whom she soon identified as Wilkinson. He had bloodshot and glassy eyes. The trooper had Wilkinson step out of the vehicle and she performed field sobriety tests. He performed unsatisfactorily. At this point, Trooper DeAndrea then placed Wilkinson under arrest for suspicion of DUI.

At the State Police barracks, Trooper Christopher M. Bayzick attempted to administer the breathalyzer test. Wilkinson provided just one strong, steady breath for the test; his other tries were staccato and inconsistent. Blow, stop, blow, and stop. The troopers deemed his non-compliance a refusal to submit to testing.

After a bench trial, the trial court convicted Wilkinson of DUI, general impairment, 75 Pa.C.S.A. § 3802(a)(1), and the summary offense of

restrictions on alcoholic beverages, 75 Pa.C.S.A. § 3802(a). The trial court imposed sentence. Wilkinson filed an appeal, which this Court quashed as untimely. *See* Order, 1145 MDA 2013, filed 9/18/13 (Panella, J.). Wilkinson filed a PCRA petition seeking restoration of his appellate rights *nunc pro tunc*, which the PCRA court granted. This appeal followed.

Both of Wilkinson's issues on appeal concern suppression matters. The transcript of the suppression hearing, however, is not in the certified record. A review of the certified record discloses that Wilkinson did not even order the transcript. *See* Pa.R.A.P. 1911(a). A copy of the transcript from the suppression hearing is, however, somehow, in the reproduced record. The Commonwealth has not objected to the copy in the reproduced record.

This Court has, under certain circumstances, overlooked an omission of material from the certified record when it could be found in the reproduced record. *See*, *e.g.*, *Stewart v. Owens-Corning Fiberglas*, 806 A.2d 34, 37 n.3 (Pa. Super. 2002). *See also* Pa.R.A.P. 1921 *Note*. We will overlook Wilkinson's error in this case.[1]

Our standard of review when an appellant appeals the denial of a suppression motion is as follows.

---

[1] We caution Wilkinson's privately retained counsel, Timothy Matthew Barrouk, Esquire, to follow the Rules of Appellate Procedure in future appeals—or risk waiver. *See*, *e.g.*, *Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa. Super. 2006) (en banc).

[W]e are limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. We may consider the evidence of the witnesses offered by the prosecution, as verdict winner, and only so much of the defense evidence that remains uncontradicted when read in the context of the record as a whole. We are bound by facts supported by the record and may reverse only if the legal conclusions reached by the court below were erroneous.

*Commonwealth v. McAliley*, 919 A.2d 272, 275-276 (Pa. Super. 2007) (citation omitted).

The record supports the suppression court's factual findings, which we set forth earlier in this memorandum. Accordingly, we turn to an examination of the suppression court's legal conclusions.

Wilkinson first argues that the traffic stop was illegal as it was not supported by either probable cause or reasonable suspicion. Our review indicates that Trooper DeAndrea had reasonable suspicion to conduct a traffic stop to investigate if Wilkinson was driving while intoxicated.

The quantum of proof necessary to make a vehicle stop on suspicion[2] of a violation of the motor vehicle code is governed by 75 Pa.C.S.A. § 6308(b), which states:

_____

[2] The suppression court's finding that the vehicle code violations provided an additional basis with which to lawfully stop Wilkinson's vehicle is untenable. *See* Suppression Court Opinion, 11/6/12, at 6-7. Trooper DeAndrea did not have probable cause to stop the vehicle for any motor vehicle code violations. Ascertaining the speed of a car by use of speedometer requires that "the speed shall be timed for a distance of not less than three-tenths of a mile." 75 Pa.C.S.A. § 3368(a). Trooper DeAndrea testified that she
*(Footnote Continued Next Page)*

> **(b) Authority of police officer.**—Whenever a police officer is engaged in a systematic program of checking vehicles or drivers or has reasonable suspicion that a violation of this title is occurring or has occurred, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title.

75 Pa.C.S.A. § 6308(b).

Traffic stops based upon suspicion of a violation of the motor vehicle code (in this case DUI) under section 6308(b) "must serve a stated investigatory purpose." ***Commonwealth v. Feczko***, 10 A.2d 1285, 1291 (2010) (en banc).

> In deciding whether reasonable suspicion exists for an investigatory stop, our analysis is the same under both Article I, § 8 and the Fourth Amendment.
>
> The fundamental inquiry is an objective one, namely, whether "the facts available to the officer at the moment of the [intrusion] 'warrant a man of reasonable caution in the belief' that the action taken was appropriate." This assessment, like that applicable to the determination of probable cause, requires an evaluation of the totality of the circumstances, with a lesser showing needed to demonstrate reasonable suspicion in terms of both quantity or content and reliability.

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯

"clocked" the car for only two-tenths of a mile. ***See*** N.T., Suppression Hearing, 4/19/12, at 36-37. And while Trooper DeAndrea observed Wilkinson drive erratically, it was within his lane of travel and during the wide turn he only briefly crossed over the fog line. Such actions do not provide probable cause to make a stop. ***See***, ***e.g.***, ***Commonwealth v. Gleason***, 785 A.2d 983 (Pa. 2001); ***Commonwealth v. Cook***, 865 A.2d 869, 874 (Pa. Super. 2004) ("Whether an officer possesses probable cause to stop a vehicle for a violation of this section depends largely upon on whether a driver's movement from his lane is done safely."); 10 West's Pa. Prac., Driving Under the Influence § 8:3 (2014 ed.).

*Commonwealth v. Leonard*, 951 A.2d 393, 396 (Pa. Super. 2008) (citations omitted).

As noted, Trooper DeAndrea observed Wilkinson, late at night, drive well above the speed limit, swerve within his lane of travel, and make an unnecessarily wide turn at an intersection. These actions—taken in total—are sufficient to support a reasonable suspicion of DUI. Accordingly, Wilkinson's agument that Trooper DeAndrea conducted an illegal investigatory detention is without merit.

He next argues that the evidence of his refusal to conduct a BAC test should be suppressed because of a "sample agreement error." The testimony established that Wilkinson himself accounted for the error. He refused to perform the test correctly.

Trooper Bayzick performed the BAC tests at the State Police barracks. He testified that a "strong, steady breath" of about seven seconds' duration is needed for the test. N.T., Suppression Hearing, at 63. A complete test is two breath samples. Wilkinson only gave one proper breath sample. (It was above the legal limit.) In the others, he performed the test incorrectly. For instance, on the one failed test the graph shows "blowing in hard, stopping, blowing in hard; and blowing a little bit, stopping, blowing, stopping, blowing, stopping." *Id*., at 69. *See also id*., at 73-74. Breathing that was the polar opposite of strong and steady and consistent. Trooper Bayzick informed Trooper DeAndrea that Wilkinson "wasn't appropriately blowing into the machine" and that "[h]e wasn't conducting the test as he

was instructed to do so." *Id*., at 75. The troopers concluded that Wilkinson refused the test.

Based on our review of the reproduced record, we conclude that the suppression court committed no error in denying Wilkinson's motion to suppress the evidence of his BAC test refusal. ***See Com., Dept. of Transp., Bureau of Driver Licensing v. Boucher***, 691 A.2d 450, 454 (Pa. 1997) (failure to supply a sufficient breath sample deemed a refusal to submit to testing). The "sample agreement error" was Wilkinson's creation. ***See*** N.T., 4/19/12 at 73-74 ("And then Sample No. 3 was, once again, the peaks and valleys and peaks and valleys [i.e., the utter failure to provide a strong, steady breath] that ultimately made the sample agreement error."). We agree with the suppression court that Wilkinson cannot benefit from his purposefully obstructive behavior.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/10/2015

- 7 -