J-S34013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN VINCENT KENNEDY | |
| Appellant | No. 1195 MDA 2015 |

Appeal from the Judgment of Sentence June 5, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002901-2014

BEFORE:  PANELLA, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                    **FILED JUNE 28, 2016**

Appellant, John Vincent Kennedy, appeals from the judgment of sentence entered June 5, 2015, in the Court of Common Pleas of Dauphin County, following his conviction of Driving Under the Influence ("DUI"), general impairment,[1] and related charges. We affirm.

The factual history of this case is well known to the parties, so we rely upon the trial court's recitation of facts as set forth in the trial court's opinion. **See** Trial Court Opinion, 11/23/15 at 2-6. Appellant was convicted following a bench trial of DUI, general impairment, Driving on Roadways Laned for Traffic, Careless Driving and Restriction on Alcoholic Beverages. The trial court sentenced Appellant to not less than three days nor more

_____

[1] 75 Pa.C.S.A. § 3802(a)(1).

than six months' incarceration, plus fines and costs. Appellant filed a timely post-sentence motion arguing that the verdict was against the weight of the evidence, which the trial court denied. This timely appeal followed.

Appellant first argues that the trial court erred when it denied his pretrial suppression motion.

> Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct.
>
> [W]e may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the court erred in reaching its legal conclusions based upon the facts.
>
> Further, [i]t is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given their testimony.

*Commonwealth v. Houck*, 102 A.3d 443, 455 (Pa. Super. 2014) (internal citations and quotations omitted).

Appellant argues that the arresting officer did not possess the requisite reasonable suspicion or probable cause that a violation of the Motor Vehicle Code had occurred in order to stop Appellant's vehicle. The quantum of proof necessary to effectuate vehicle stop on suspicion of a violation of the motor vehicle code is governed by 75 Pa.C.S.A. § 6308(b), which states:

> **(b) Authority of police officer.**—Whenever a police officer is engaged in a systematic program of checking vehicles or drivers

or has reasonable suspicion that a violation of this title is occurring or has occurred, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title.

Section 6308(b) establishes that reasonable suspicion is required to effectuate a traffic stop based on suspicion of criminal activity or a suspected violation of the Motor Vehicle Code requiring additional investigation. **See** **Commonwealth v. Feczko**, 10 A.3d 1285, 1291 (Pa. Super. 2010) (*en banc*).

In deciding whether reasonable suspicion exists for an investigatory stop, our analysis is the same under both Article I, § 8 and the Fourth Amendment.

The fundamental inquiry is an objective one, namely, whether "the facts available to the officer at the moment of the [intrusion] 'warrant a man of reasonable caution in the belief' that the action taken was appropriate." This assessment, like that applicable to the determination of probable cause, requires an evaluation of the totality of the circumstances, with a lesser showing needed to demonstrate reasonable suspicion in terms of both quantity or content and reliability.

**Commonwealth v. Leonard**, 951 A.2d 393, 396 (Pa. Super. 2008) (citations omitted).

"When the underlying source of the officer's information is an anonymous call, the tip should be treated with particular suspicion." **Commonwealth v. Washington**, 63 A.3d 797, 803 (Pa. Super. 2013) (citation omitted). "However, a tip from an informer known to the police may carry enough indicia or reliability for the police to conduct an investigatory

stop, even though the same tip from an anonymous informant would likely not have done so." *Id*. (citation omitted).

At the suppression hearing, Pennsylvania State Police Trooper William Sheakley testified that he was dispatched to investigate a call received regarding an erratic driver at approximately 8:30 p.m. on April 2, 2014. *See* N.T., Suppression Hearing, 3/10/15 at 8-9. The caller, who identified herself to police, indicated that the individual was driving a blue Ford Bronco northbound on Route 209 between two named roads and provided the vehicle's registration number. *See id*. at 9. The caller indicated that the driver of the Bronco was driving "all over the road, possibly intoxicated." *Id*. at 10. When Trooper Sheakley located the vehicle, he verified that the registration number was the same the caller had provided to the dispatchers, and discovered that the vehicle was registered to the Appellant. *See id*. While following the vehicle, Trooper Sheakley observed the Bronco cross the fog line. *See id*. Based upon the caller's report of erratic driving and his own observations of the vehicle crossing the fog line, Trooper Sheakley proceeded to initiate a traffic stop on suspicion of a DUI. *See id*. at 11.

We find Trooper Sheakley had the requisite reasonable suspicion to stop Appellant for suspected DUI.[2] Trooper Sheakley was able to corroborate

---

[2] The trial court affirmed the legality of the traffic stop based on Trooper Sheakley's observation that Appellant violated section 3309(1) of the Motor
*(Footnote Continued Next Page)*

the description of Appellant's Bronco and the vehicle registration number provided by the caller. The known informant's description of Appellant's erratic driving, combined with Trooper Sheakley's own observations of the vehicle crossing the fog line constituted specific and articulable facts that Appellant might be driving under the influence, such that further investigation was required. Accordingly, as Trooper Sheakley had reasonable suspicion to stop Appellant's vehicle on suspicion of DUI, the trial court did not err in denying Appellant's motion to suppress evidence.[3]

Appellant next argues that the trial court erred in denying his post-sentence motion challenging his DUI conviction as contrary to the weight of the evidence. A challenge to the weight of the evidence "concedes that the evidence is sufficient to sustain the verdict, but seeks a new trial on the ground that the evidence was so one-sided or so weighted in favor of acquittal that a guilty verdict shocks one's sense of justice."

---

*(Footnote Continued)*

Vehicle Code, Roadways Laned for Traffic, when his vehicle crossed the fog line. Nevertheless, it is well settled that an appellate court can affirm on any basis. **See In re Jacobs**, 15 A.3d 509, n.1 (Pa. Super. 2011) ("[This Court is] not bound by the rationale of the trial court, and may affirm on any basis.").

[3] To the extent that Appellant cursorily argues that he was questioned by Trooper Sheakley without being informed of his **Miranda** rights, we note that this issue is not even identified in the Statement of Questions Involved contained in Appellant's brief. Issues that are not set forth in the statement of questions presented or reasonably suggested thereby are deemed waived. **See** Pa.R.A.P., Rule 2116(a).

*Commonwealth v. Orie*, 88 A.3d 983, 1015 (Pa. Super. 2014), *appeal denied*, 99 A.3d 925 (Pa. 2014) (citation omitted). A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when "the figure of Justice totters on her pedestal," or when "the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience." *Commonwealth v. Davidson*, 860 A.2d 575, 581 (Pa. Super. 2004) (citations omitted), *aff'd*, 595 Pa. 1, 938 A.2d 198 (2007).

> When the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Gibbs*, 981 A.2d 274, 282 (Pa. Super. 2009) (internal quotes and citations omitted).

In order to obtain a conviction pursuant to Section 3801(a)(1), the Commonwealth must prove "the accused was driving, operating, or in actual physical control of the movement of a vehicle during the time when he or she was rendered incapable of safely doing so due to the consumption of alcohol." *Commonwealth v. Segida*, 985 A.2d 871, 879 (Pa. 2009).

Appellant argues in his brief that the video recording of Trooper Sheakley's traffic stop did not support a finding that Appellant was incapable of safely driving his vehicle. This argument wholly ignores the additional evidence introduced by the Commonwealth.

At trial, the Commonwealth presented the testimony of Marsha Hein, the tipster who informed police of Appellant's erratic driving. Hein testified that on April 4, 2014, she observed a vehicle driving erratically on Route 209 and started to follow it. *See* N.T., Bench Trial, 4/20/15 at 6. Hein stated that the vehicle was swerving and crossed both the double yellow line and the white line on the shoulder. *See id*. at 7. She testified that the vehicle swerved over the double yellow lines twice and the white fog line once as it weaved over the road for approximately three to four minutes. *See id*. at 8. Concerned that the driver was intoxicated or suffering a medical ailment, she relayed her observations to police, along with a description of the vehicle, the vehicle's location and the vehicle's registration number. *See id*. at 9*.*

Trooper Sheakley testified that when he conducted the traffic stop, he detected a strong odor of alcohol emanating from Appellant's person and vehicle. *See* N.T., Suppression Hearing, 3/10/15 at 12-13.[4] He also indicated that Appellant was moving slowly and swaying and, as a result, Appellant failed to adequately perform the walk and turn field sobriety test.

_____

[4] The testimony adduced at the suppression hearing was incorporated into the bench trial proceedings. N.T., Bench Trial, 4/20/15 at 4-5.

***See id***. at 16-17. Based upon the testimony of both Hein and Trooper Sheakley, we find that the verdict is supported by evidence of record and does not—in any respect—shock one's sense of justice. Thus, the trial court did not abuse its discretion, and Appellant's weight of the evidence claim must fail.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/28/2016