J-A19028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLINTON BRUCE DIXON | : | |
| | : | |
| Appellant | : | No. 1724 MDA 2017 |

Appeal from the Judgment of Sentence Entered October 13, 2017
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-SA-0000109-2017

BEFORE: GANTMAN, P.J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY NICHOLS, J.: **FILED OCTOBER 23, 2018**

Appellant Clinton Bruce Dixon appeals from the judgment of sentence entered following his conviction for driving under suspension (DUS).[1] Appellant contends that his conviction must be vacated because the arresting officer lacked probable cause to stop his motor vehicle. We affirm Appellant's conviction, but vacate the judgment of sentence and remand for resentencing.

The trial court summarized the relevant facts as follows:

During the early afternoon of February 22, 2017, Officer Katie Justh of the Lower Allen Township Police Department was flagged down by an individual who stated that the driver of "what turned out to be" a maroon Chevy Monte Carlo had participated in a road rage incident and had threatened to "beat up" the complainant. The victim of the threat pointed out the vehicle which was leaving the scene and Officer Justh gave chase. N.T.[, 10/13/17 at] 3. On cross examination, the Officer explained in greater detail how it was that she came to stop [Appellant']s vehicle:

_____

[1] 75 Pa.C.S. § 1543(a). This was Appellant's sixth DUS conviction.

A When [the complainant] flagged me down, he was traveling west on Carlisle Road. I was eastbound. I had just left our station, he pointed at the car that was traveling ahead of him, so it was traveling westbound as well on Carlisle Road and was just rounding the corner of Orchard. We were literally like a half a block away from where [Appellant] was rounding the corner because we were on Carlisle at Lisburn and [Appellant] was on Carlisle at Orchard.

Q So [the complainant] actually pointed to a vehicle that you could still see?

A Yes.

Q And then between that time and the time you pulled the vehicle over, was the vehicle in your sight that entire time?

A Once it rounded the corner, it was out of my sight. Once I was able to do a U-turn and turn around, then I saw it at the traffic light. It was stopped at a red light.

Q And how did you identify it as the same vehicle?

A It was the only maroon El Camino, Chevy El Camino in the area. I'm sorry. Monte Carlo. I apologize, Chevy Monte Carlo.

Q And then once you approached the vehicle, you initiated your stop?

A I initiated a traffic stop, and the person that flagged me down pulled in behind me and also indicated to me that that was the correct vehicle that was the subject.

N.T. [at] 7-8.

Trial Ct. Op., 12/6/17, at 1-2.

After stopping the subject vehicle, Officer Justh approached the driver, Appellant, who was the only person in the vehicle. The officer asked for Appellant's license, registration, and insurance, and Appellant provided her with a Pennsylvania driver's license. The officer obtained a Pennsylvania

Department of Transportation report indicating that Appellant's license was suspended. The office issued Appellant's citations for disorderly conduct and DUS.

On May 17, 2017, a magisterial district court found Appellant guilty of disorderly conduct and DUS. Appellant timely appealed to the court of common pleas.

The trial court held a trial *de novo* on October 13, 2017. The complainant did not appear, and the Commonwealth elected to proceed only on the DUS charge. Officer Justh testified regarding the traffic stop and her investigation into the suspension of Appellant's operating privileges. Appellant did not testify. In closing arguments, Appellant's counsel asserted that the DUS charge should be dismissed because Officer Justh lacked probable cause to stop Appellant.[2] The court concluded that there was a reasonable basis for the stop. The court found Appellant guilty of DUS and not guilty of disorderly conduct. That same day, the trial court sentenced Appellant to serve thirty days' imprisonment for DUS and to pay fines and costs.

Appellant timely appealed and complied with the trial court's order to submit a Pa.R.A.P. 1925(b) statement. The trial court filed a responsive opinion.

---

[2] Although Appellant raised his suppression issue for the first time after the close of evidence at the trial *de novo*, we decline to find waiver because the Commonwealth did not object and the trial court specifically ruled on the suppression issue. **See Commonwealth v. Downey**, 39 A.3d 401, 404 (Pa. Super. 2012).

- 3 -

Appellant presents the following question on appeal:

Did the [trial] court make an error of law in denying Appellant's motion to dismiss the citation where the police had neither reasonable suspicion nor probable cause to stop [Appellant]'s vehicle?

Appellant's Brief at 5.

Appellant claims that the trial court erred in rejecting his motion to dismiss the charge based on an unconstitutional stop. In support, Appellant argues:

In the present matter, the entirety of the evidence presented with respect to [Appellant's] conduct, which was the sole basis for the vehicle stop, was that "he had threatened to beat [another motorist] up."[] There was no testimony regarding "the circumstances surrounding [those] words," which can be "crucial," and the totality of the circumstances consisted entirely of that one statement. Yet, Disorderly Conduct requires that an individual "cause or unjustifiably risk a public disturbance," Without evidence establishing that [Appellant] either caused or unjustifiably risked a public disturbance, the [trial] court could not have found facts "sufficient to warrant a man of reasonable caution in the belief that an offense has been or is being committed." Nor could the [trial] court, with such a paucity of evidence, have engaged in a "highly fact-sensitive inquiry" to determine whether probable cause to stop [Appellant's] vehicle was present.

*Id.* at 13.

It is well-settled that

[t]he standard and scope of review for a challenge to the denial of a suppression motion is whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. When reviewing rulings of a suppression court, we must consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as

- 4 -

a whole. Where the record supports findings of the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Leonard*, 951 A.2d 393, 396 (Pa. Super. 2008) (citation omitted).

A police officer may stop a vehicle for investigatory purposes where there is reasonable suspicion to believe that criminal activity is afoot. *Commonwealth v. Feczko*, 10 A.3d 1285, 1291 (Pa. Super. 2010) (*en banc*). To establish a reasonable suspicion, "the police need not establish their suspicions to a level of certainty, a preponderance, or even a fair probability. . . . [T]he requisite quantum of suspicion necessary to conduct an investigatory stop is a level 'obviously less demanding than for probable cause.'" *Commonwealth v. Epps*, 608 A.2d 1095, 1096 (Pa. Super. 1992).

The inquiry into whether reasonable suspicion exists is an objective one. *Commonwealth v. Haines*, 166 A.3d 449, 457 (Pa. Super. 2017). We review "the totality of the circumstances, including such factors as 'tips, the reliability of the informants, time, location, and suspicious activity[]'" to determine whether "the facts available to the officer at the moment of the intrusion warrant a man of reasonable caution in the belief that the action taken was appropriate." *Id.* (citations omitted). Moreover, a report made to an officer in person "must be given more weight than a mere anonymous phone call." *Commonwealth v. Williams*, 980 A.2d 667, 672 (Pa. Super. 2009) (indicating that an in-person report provides an officer to observe the

demeanor and assess the credibility of the reporter and subjects the reporter to liability for giving false information).

The trial court, in its Rule 1925(a) opinion, reviewed the relevant law regarding reasonable suspicion and the reliability of tips from a known informant. The court concluded:

> In this case, the identity of the motorist who flagged down Officer Justh obviously became known to the police. The complaining witness described the incident that had just occurred and the threat which had been made by [Appellant]. There was nothing about the circumstances which indicated that the complainant was being untruthful or, in any event, detracted from the need to investigate further. The incident involved one or more violations of criminal law, albeit summary offenses.[] The evidence makes it clear that the vehicle, ultimately stopped by Officer Justh, was the same vehicle whose driver had engaged in the road rage incident. Not only was the stop of the [Appellant's] vehicle justified in this case, but the officer's failure to have done so would have been a dereliction of duty.

Trial Ct. Op. at 4.

Following our review, we discern no basis to disturb the trial court's analysis of Appellant's suppression claim. Appellant's argument that the description of alleged threat was too vague to establish all elements of a particular offense, warrants no relief as an officer need not establish the required suspicion to a level of certainty that an offense has been in fact committed. *See Epps*, 608 A.2d at 1096. Accordingly, we agree with the trial court that the officer possessed reasonable suspicion to stop Appellant's vehicle and investigate the complainant's report of threatening behavior.

However, we must address the legality of the trial court's flat sentence of thirty days' imprisonment for DUS as a sixth offense. "[C]hallenges to an illegal sentence . . . may be reviewed *sua sponte* by this Court. An illegal sentence must be vacated." **Commonwealth v. Tanner**, 61 A.3d 1043, 1046 (Pa. Super. 2013) (citations and quotation marks omitted). "Our scope of review of challenges to the legality of a sentence is plenary, and the standard of review is *de novo*." **Commonwealth v. Postie**, 110 A.3d 1034, 1043 (Pa. Super. 2015).

In **Postie**, this Court held that 75 Pa.C.S. § 6503(a.1), which governs the sentence for a person convicted of a sixth or subsequent DUS offense, requires that the trial court impose a minimum and maximum sentence. **Id.** at 1045. Therefore, we are constrained to conclude that Appellant's flat sentence of thirty days of imprisonment is illegal, and we remand for resentencing. **See Tanner**, 61 A.3d at 1047.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/23/2018

- 7 -