J-A26005-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL ASFIELD LASHLEY | : | |
| | : | |
| Appellant | : | No. 483 WDA 2019 |

Appeal from the Order Entered April 1, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0016003-2015

BEFORE: SHOGAN, J., LAZARUS, J., and OLSON, J.

MEMORANDUM BY SHOGAN, J.: **FILED NOVEMBER 20, 2019**

Appellant, Michael Asfield Lashley, appeals from the April 1, 2019 order denying his motion for return of property filed pursuant to Pa.R.Crim.P. 588. We affirm.

The record reflects that Appellant and an accomplice engaged in multiple thefts using altered and/or fraudulent credit cards to purchase items from stores in North Fayette and Robinson Townships in Allegheny County. Complaint, 10/6/15; N.T., Suppression, 10/6/16, at 5. On October 6, 2015, Appellant was charged with one count of persons not to possess firearms, one count of carrying a firearm without a license, seventy-four counts of possessing instruments of crime, two counts of criminal conspiracy, seventy-

four counts of access device fraud, and one count of driving with a suspended license.[1] Complaint, 10/6/15.

On March 20, 2017, following a bench trial, Appellant was found guilty of one count of persons not to possess a firearm, one count of carrying a firearm without a license, six counts of possession of instruments of crime, and six counts of access device fraud. N.T., Trial, 3/20/17, at 64-66. Appellant was found not guilty of the remaining counts. *Id.* The trial court sentenced Appellant to an aggregate term of fifty-nine to 118 months of incarceration. *Id.* at 75-78. Appellant filed a direct appeal, and this Court affirmed the judgment of sentence. *Commonwealth v. Lashley*, 190 A.3d 720, 534 WDA 2017 (Pa. Super. filed April 17, 2018) (unpublished memorandum).

On November 16, 2018, Appellant filed a motion for return of property under Pa.R.Crim.P. 588.[2] In the motion, Appellant sought the return of one

_____

[1] 18 Pa.C.S. §§ 6105(a)(1), 6106(a)(1), 907(a), 903, 4106(a)(3), and 75 Pa.C.S. § 1543(a), respectively.

[2] Rule 588 provides, in relevant part, as follows:

> (A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

Xbox gaming console, eight PlayStation 4 gaming consoles, and five pairs of shoes. These items, among others,[3] were recovered from the rented vehicle Appellant was driving at the time of his arrest. N.T., Trial, 3/20/17, at 17-20. In his motion, Appellant averred that the Commonwealth did not prove that the items in question were obtained using fraudulent credit cards, and therefore, they were not contraband. Motion, 11/16/18, at ¶7. The trial court held a hearing and denied Appellant's motion for return of property concluding that the items Appellant requested constituted "derivative contraband."[4] Order, 4/1/19; Trial Court Opinion, 5/21/19, at 3-4.

_____

> (B) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

Pa.R.Crim.P. 588(A), (B).

[3] In addition to the gaming consoles and shoes, police seized more than seventy credit cards bearing Appellant's name. N.T., Trial, 3/20/17, at 17-19.

[4] Derivative contraband is defined as follows:

> Derivative contraband is property which is innocent in itself but which has been used in the perpetration of an unlawful act. Property is not derivative contraband, however, merely because it is owned or used by someone who has been engaged in criminal conduct. Rather, the Commonwealth must establish a specific nexus between the property and the alleged criminal activity.

**Commonwealth v. Durham**, 9 A.3d 641, 646 (Pa. Super. 2010) (citation omitted).

Appellant filed a timely notice of appeal asserting the trial court erred in denying the motion for return of property. Both the trial court and Appellant complied with Pa.R.A.P. 1925. In his Pa.R.A.P. 1925(b) statement, Appellant avers that the property in question was not contraband. Pa.R.A.P. 1925(b) Statement, 4/26/19, at ¶5; Appellant's Brief at 3, 11.

The standard of review applied in cases involving motions for the return of property is an abuse of discretion. **Durham**, 9 A.3d at 645 (citing **Beaston v. Ebersole**, 986 A.2d 876 (Pa. Super. 2009) (*en banc*)). "[I]t is the province of the trial court to judge the credibility of the witnesses and weigh the testimony offered." **Id.** (quoting **Commonwealth v. Younge**, 667 A.2d 739, 741 (Pa. Super. 1995)). "It is not the duty of an appellate court to act as fact-finder, but to determine whether there is sufficient evidence in the record to support the facts as found by the trial court." **Id.** (quoting **Younge**, 667 A.2d at 741).

After review, we affirm the trial court's order denying Appellant's motion, but we do so on a different basis.[5] Specifically, we conclude that Appellant's motion for return of property was untimely and resulted in waiver. "[A] return motion is timely when it is filed by an accused in the trial court while that court retains jurisdiction, which is up to thirty days after

---

[5] This Court is not bound by the trial court's reasoning, and we may affirm the trial court's order on any correct basis. **Commonwealth v. Wilcox**, 174 A.3d 670, 674 n.4 (Pa. Super. 2017).

- 4 -

disposition." ***Commonwealth v. Allen***, 107 A.3d 709, 717 (Pa. 2014) (citing 42 Pa.C.S. § 5505)).  As noted above, Appellant was sentenced on March 20, 2017.  Thus, Appellant had thirty days from March 20, 2017, to pursue a motion for return of property under Pa.R.Crim.P. 588.  ***See Allen***, 107 A.3d at 717 (arrestee's failure to file motion for return of property during the pendency of the criminal proceedings against him or within thirty days following dismissal when the trial court had jurisdiction resulted in waiver and precluded review of his motion).  The failure to file a motion for the return of property during the pendency of the criminal charges or within thirty days following dismissal of the charges results in waiver.  ***Id.*** at 718.

In the case at bar, Appellant filed his motion for return of property on November 16, 2018, more than eighteen months after the thirty-day period during which the trial court retained jurisdiction.  ***Allen***, 107 A.3d at 717; 42 Pa.C.S. § 5505.  Additionally, Appellant's motion was a "stand alone" motion, *i.e.*, it was not filed in response to a motion for forfeiture filed by the Commonwealth.  ***Allen***, 107 A.3d at 714 n.6.  Although Appellant mentions an informal request for forfeiture,[6] there is no petition for forfeiture in the record.  It is well settled that what is not of record does not exist for purposes of appellate review.  ***Commonwealth v. Johnson***, 33 A.3d 122, 126 n.6 (Pa. Super. 2011).  Accordingly, Appellant's motion for return of property was an

---

[6] Appellant's Motion for Return, 11/16/18, at ¶4; Appellant's Brief at 6.

- 5 -

untimely stand-alone motion, and Appellant's failure to file a timely motion pursuant to Pa.R.Crim.P. 588 results in waiver. ***Allen***, 107 A.3d at 717-718; 42 Pa.C.S. § 5505. Therefore, we affirm the order denying Appellant's motion for the return of property.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/20/2019