J-S68041-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WILHELMUS C. KOKKE, | : | |
| | : | |
| Appellant | : | No. 996 EDA 2014 |

Appeal from the Judgment of Sentence entered on February 27, 2014
in the Court of Common Pleas of Montgomery County,
Criminal Division, No. CP-46-SA-0001363-2013

BEFORE: ALLEN, JENKINS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED NOVEMBER 26, 2014**

Wilhelmus C. Kokke ("Kokke") appeals from his guilty plea to the summary offense of public drunkenness.[1]  We dismiss the appeal.

On or about July 26, 2013, Kokke was issued a citation for public drunkenness, and a separate citation for violation of Lower Merion Township Ordinance § 111-4.2, which prohibits the possession of an open container of alcoholic beverages in a public place.  Kokke pled not guilty to these offenses.  On November 21, 2013, a magistrate found Kokke guilty of these offenses, and imposed fines.  Kokke failed to pay the fines, and a bench warrant was issued for his arrest.  Kokke eventually paid the fines, and, *pro se*, filed a summary appeal of his convictions.

---

[1] ***See*** 18 Pa.C.S.A. § 5505.

On February 27, 2014, Kokke, acting *pro se* at the summary appeal hearing held by the trial court, entered a negotiated guilty plea to the summary offense of public drunkenness,[2] pursuant to which he received a $25.00 fine. On March 31, 2014, Kokke, *pro se*, filed a timely Notice of Appeal. The trial court ordered Kokke to file a Pa.R.A.P. 1925(b) concise statement. In response, Kokke filed a one-page letter to the trial court, describing in narrative format his objections to the manner in which his guilty plea was negotiated with the Commonwealth and accepted by the trial court.[3] Thereafter, the trial court issued an Opinion pursuant to Pa.R.A.P. 1925(a).

On appeal, Kokke raises the following issues for our review:

1. Has [Kokke] preserved his appeal by obtaining the transcript (1) after obtaining counsel[;] and (2) despite extenuating circumstances?

2. Should [Kokke's] guilty plea be thrown out as constitutionally deficient because of lack of process, specifically relating to the colloquy or lack thereof?

Brief for Appellant at 5.

In his appellate brief, Kokke claims that his guilty plea, entered at the summary appeal hearing, was deficient because it was not knowing, voluntary or intelligent. *See id*. at 12-16. In its Pa.R.A.P. 1925(a) Opinion,

---

[2] As part of the negotiated plea agreement, the Commonwealth withdrew the charge pertaining to the possession of an open container of alcoholic beverages in a public place

[3] Kokke subsequently retained appellate counsel.

the trial court indicated that "any consideration of [Kokke's] factual allegations is impossible because [Kokke] failed to order the transcript [of the summary appeal hearing], as he is required by Pa.R.A.P. 1911." Trial Court Opinion, 5/27/14, at 2. For this reason, the trial court determined that Kokke failed to preserve any issues for appellate review. **See id**.

It is the appellant's responsibility to ensure that any relevant transcripts be ordered and filed as part of the original record. **See** Pa.R.A.P. 1911(a); **see also Commonwealth v. Johnson**, 668 A.2d 97, 102 (Pa. 1995). If the appellant fails to comply with the requirements for preparation of the transcript, this Court may dismiss the appeal. **See** Pa.R.A.P. 1911(d).

While Kokke has appended a copy of the transcript of the summary appeal hearing to his appellate brief, this does not make the transcript part of the certified record on appeal. **See Commonwealth v. Johnson**, 33 A.3d 122, 126 n.6 (Pa. Super. 2011) (stating that an appellate court cannot consider anything which is not part of the record in the case); **see also Commonwealth v. Holley**, 945 A.2d 241, 246 (Pa. Super. 2008) (stating that, for purposes of appellate review, what is not of record does not exist).

Here, Kokke failed to timely order the transcript of the

summary appeal hearing and, therefore, it is not part of the certified record on appeal.[4]  Because we do not have a complete record before us from which to determine whether Kokke's guilty plea was deficient, we must dismiss Kokke's appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/26/2014

---

[4] Although Kokke contends that he did, in good faith, attempt to order the transcript of the summary appeal hearing several times, **see** Brief for Appellant at 10, the record is devoid of evidence that Kokke made any effort to timely order the transcript.  Kokke also claims that this Court should overlook his failure to comply with our technical and procedural requirements due to his *pro se* status. **Id**. at 10-11.  However, Kokke's *pro se* status at the time he filed his Notice of Appeal does not excuse his deviations from our rules of procedure. **See Commonwealth v. Spuck**, 86 A.3d 870, 874 (Pa. Super. 2014) (stating that, although Pennsylvania courts endeavor to be fair to *pro se* litigants, Pennsylvania appellate courts must demand that *pro se* litigants comply substantially with our rules of procedure).