J-S63029-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| UZZIAH MURRAY | |
| Appellant | No. 677 MDA 2014 |

Appeal from the Judgment of Sentence March 26, 2014
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0000189-2013

BEFORE:  BOWES, J., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.:                **FILED DECEMBER 18, 2014**

Appellant, Uzziah Murray, appeals from the judgment of sentence entered March 26, 2014, by the Honorable Douglas W. Herman, Court of Common Pleas of Franklin County.   After review, we vacate Murray's judgment of sentence and remand for the re-imposition of sentence.

We take the underlying facts and procedural history in this matter from the trial court's June 10, 2014, opinion.

> On January 18, 2013[,] Uzziah Yeassem Murray ("Appellant") was charged with one count of possession with intent to deliver a controlled substance under 35 P.S. § 780-113(a)(30).  The basis for the charge stemmed from a search of Appellant yielding 3 bags of heroin and a search of an apartment wherein 44 bags of heroin were found.  The search was conducted pursuant to a search warrant issued on January 17, 2013.  On July 25, 2013[,] [the trial court] convened hearing on

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellant's motion to suppress in which he challenged: the arrest and search of Appellant as exceeding the scope of the search warrant; the arrest and search of Appellant alleging the affidavit of probable cause did not establish a nexus to Appellant; the search warrant as being based on false information; and a challenge to video surveillance. On November 1, 2013[,] Appellant's motion to suppress was granted as to video footage obtained without a warrant and denied as to all other issues. Prior to trial the Commonwealth filed a motion in limine to introduce evidence of prior bad acts including testimony by confidential informant Benjamin Shifflett ("CI") that he purchased heroin from Appellant on several occasions from Appellant's apartment for close to a year preceding execution of a search warrant on the apartment. The Commonwealth amended its motion to include only prior bad acts from January 17 and 18, 2013. [The trial court] granted the Commonwealth's motion on the record at trial. The jury trial was held on February 6, 2014 and the jury found Appellant guilty of possession with intent to deliver heroin. The verdict slip included an added section asking the jury to find the weight of the heroin involved. Subsequent to the trial, on February 20, 2014[,] the Commonwealth filed a notice of its intent to seek a mandatory minimum sentence pursuant to 18 Pa.C.S. § 7508.[1] Appellant contested the imposition of a mandatory minimum sentence claiming the statute was unconstitutional pursuant to the recent United States Supreme Court decision in Alleyne v. United States, 133 S.Ct. 2151 (2013). At the sentencing hearing on March 26, 2014[,] [the trial court] imposed the mandatory minimum sentence under 18 Pa.C.S. § 7508 on the basis that 18 Pa.C.S. § 7508(b) … is severable from the rest of the statute, and since it was the jury and not the [c]ourt who found that the weight of the heroin met the threshold condition for a mandatory minimum sentence under 18 Pa.C.S. § 7508(a) …, Appellant's Sixth Amendment rights were not violated. Appellant was sentenced to 36 to 72 months['] incarceration. Appellant now files this timely appeal to the Superior Court.

---

[1] The trial court imposed a three-year sentence pursuant to 18 Pa.C.S.A. § 7508(a)(7)(ii), which provides for a mandatory minimum sentence "when the aggregate weight of the compound or mixture containing the heroin involved is at least 5.0 grams but less than 50 grams."

Trial Court Opinion, 6/10/14 at 1-2.

On appeal, Murray raises the following issues for our review:

A. Whether the trial court erred when it denied [Murray's] Motion to Suppress?

B. Whether the trial court erred by granting the Commonwealth's motion to allow in prior bad acts testimony?

C. Whether the trial court erred by imposing the mandatory minimum sentence pursuant to 18 Pa.C.S.A. §7508 when 18 Pa.C.S.A. §7508 is unconstitutional in light [of] [*Alleyne*] *v United States*, 133 S.Ct. 2151 (2013)?

Appellant's Brief at 9.

We review the denial of a motion to suppress physical evidence as follows:

Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct.

[W]e may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the court erred in reaching its legal conclusions based upon the facts.

Further, [i]t is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given their testimony.

***Commonwealth v. Houck***, ___ A.3d ___, ___, 2014 WL 4783552 at *10

(Pa. Super., filed Sept. 26, 2014) (internal citations and quotations omitted).

Murray raises three distinct challenges to the trial court's denial of his suppression motion. Murray first argues that the search of his person in the hallway of the apartment building exceeded the scope of the search warrant. *See* Appellant's Brief at 16. We find this interpretation of the scope of the warrant to be too narrow. The search warrant authorized the search of 60 Lincoln Way West, Apartment #1 in Chambersburg Borough, Franklin County PA, including "any curtilage present." Application for Search Warrant and Authorization, 1/17/13. The warrant additionally authorized the search of Murray's person, in addition to any other persons present. *See id*. Notably, the search warrant does not limit the authorization to search Murray to the confines of his apartment, and in fact, extends the search authorization to any curtilage present. We therefore find the police search of Murray conducted in the hallway outside of the apartment was within the authority granted by the search warrant. *See also Commonwealth v. Franklin*, 990 A.2d 795, 800 (Pa. Super. 2010) (noting with approval the prevailing view that "a search warrant can issue for a person and when it does, the search need not be at the location specified in the warrant").

Murray next argues that the search warrant was invalid because it failed to identify him with the requisite particularity. The search warrant identifies one of the individuals to be searched as "'John Doe Slim' aka Uzziah MURRAY." Murray contends that because the affidavit of probable cause attached to the application for search warrant fails to establish that

the individual referred to as "Slim" is in fact Murray, the magisterial district judge erred when it authorized the search of Murray's person.

Pennsylvania Rule of Criminal Procedure 206 requires, *inter alia*, that:

Each application for a search warrant shall be supported by written affidavit(s) signed and sworn to or affirmed before an issuing authority, which affidavit(s) shall:

. . .

(3) name or describe with particularity the person or place to be searched;

. . .

Pa.R.Crim.P. 206(3).

Murray correctly notes that the affidavit of probable cause attached to the Application for Search Warrant refers only to an individual known as "Slim" and does not establish that Slim and Murray are the same individual. However, we do not find that this deficiency in this instance renders the warrant defective. It is well-established that that "search warrants should be read in a common sense fashion and should not be invalidated by hypertechnical interpretations." **Commonwealth v. Johnson**, 33 A.3d 122, 125 (Pa. Super. 2011) (citation omitted), **appeal denied**, 47 A.3d 845 (Pa. 2012). Here, the failure of the affidavit of probable cause to establish a connection between Slim and Murray is remedied by the classification "'John Doe Slim' aka Uzziah MURRAY" contained in the search warrant application. Clearly, both the search warrant application and the supporting affidavit of probable cause are not read in isolation, but rather, in conjunction. Thus,

we are satisfied that the identification of Murray as the individual known as Slim in the application for search warrant effectively remedies the failure to do so in the affidavit of probable cause. This argument fails.

Lastly, Murray argues that the search warrant was defective because the affidavit of probable cause references surveillance footage of a drug transaction, which the trial court ultimately suppressed. Despite admitting that the surveillance footage was of poor quality and thus constituted "very little evidentiary value," Murray contends that "without the allegations of a video of a controlled buy within 72 hours, the magistrate would not have had sufficient probable cause to issue the search warrant." Appellant's Brief at 19-20.

Murray grossly exaggerates the importance of the surveillance footage to the affidavit of probable cause. The affidavit makes a single reference that the "CI wore video which showed him/her walking in the front door, up the steps to the second floor, walking along the railing and to the base of the steps that go to the third floor." Application for Search Warrant and Authorization, Affidavit of Probable Cause, 1/17/13. Omitting this reference, the affidavit still confirms that the CI made a successful controlled buy of heroin within 72 hours from a resident at the apartment known as Slim, and that the CI had purchased heroin from Slim at that location in the past. *See id*. The affidavit additionally avers that extensive police surveillance of the location revealed traffic consistent with drug purchases and that the arrests of parties to these transactions at the target residence produced

corroborating information of the individuals selling drugs from the apartment. *See id*. Based upon quantum of evidence contained in the affidavit of probable cause regarding the drug transactions at 60 Lincoln Way West, 2nd floor apartment #1 and Murray's participation therein, we find the included reference to the video surveillance to be *de minimis*. Based on the foregoing, we do not find the trial court's denial of Murray's suppression motion to have been in error.

In the second issue on appeal, Murray challenges the trial court's admission of prior bad acts, in the nature of the confidential informant's prior controlled buys on January 17 and 18, 2013. Appellant's Brief at 20. "[T]he admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." *Commonwealth v. Fransen*, 42 A.3d 1100, 1106 (Pa. Super. 2012) (internal citations omitted).

It is impermissible to present evidence at trial of a defendant's prior bad acts or crimes to establish the defendant's criminal character or proclivities. *See Commonwealth v. Hudson*, 955 A.2d 1031, 1034 (Pa. Super. 2008). Such evidence, however, may be admissible "where it is relevant for some other legitimate purpose and not utilized solely to blacken the defendant's character." *Commonwealth v. Russell*, 938 A.2d 1082, 1092 (Pa. Super. 2007) (citation omitted). Rule 404(b)(2) provides that "[e]vidence of other crimes, wrongs, or acts may be admitted for other purposes, such as proof of motive, opportunity, intent, preparation, plan,

knowledge, identity or absence of mistake or accident." Pa.R.E., Rule 404(b)(2). Rule 404(b)(3), however, mandates that other crimes, wrongs, or acts evidence "may be admitted in a criminal case only upon a showing that the probative value of the evidence outweighs its potential for prejudice." Pa.R.E., Rule 404(b)(3); **see also Russell**, 938 A.2d at 1092.

Instantly, we find that evidence of the informant's prior controlled buys of heroin from Murray was clearly relevant to establish a course of conduct of drug-related activity and the history of the case. **See Commonwealth v. Walker**, 656 A.2d 90, 98 (Pa. 1995) ("[O]ur courts will allow evidence of prior bad acts where the distinct crime or bad act was part of a chain or sequence of events which formed the history of the case and was part of its natural development."). Although certainly prejudicial, we find no danger that the contested evidence would "stir such passion in the [finder of fact] as to sweep them beyond a rational consideration of guilt or innocence of the crime on trial." **Commonwealth v. Sherwood**, 982 A.2d 483, 498 n.25 (Pa. 2009) (citation omitted). Therefore, we find that the trial court did not abuse its discretion when it admitted the prior bad acts evidence of the prior controlled narcotics buys.

Finally, Murray argues that the trial court erred when it imposed the mandatory minimum sentence pursuant to 18 Pa.C.S.A. § 7508(a)(7)(ii). Specifically, Murray argues that § 7508 is unconstitutional in light of **Alleyne v. United States**, --- U.S. ---, 133 S.Ct. 2151 (2013). Appellant's Brief at 23.

- 8 -

> According to the **Alleyne** Court, a fact that increases the sentencing floor is an element of the crime. Thus, it ruled that facts that mandatorily increase the range of penalties for a defendant must be submitted to a fact-finder and proven beyond a reasonable doubt. The **Alleyne** decision, therefore, renders those Pennsylvania mandatory minimum sentencing statutes that do not pertain to prior convictions constitutionally infirm insofar as they permit a judge to automatically increase a defendant's sentence based on a preponderance of the evidence standard.

**Commonwealth v. Thompson**, 93 A.3d 478, 493 (Pa. Super. 2014) (citing

**Commonwealth v. Watley**, 81 A.3d 108, 117 (Pa. Super. 2013) (footnote

omitted)).

In support of his constitutional challenge to § 7508, Murray incorporates by reference a sentencing memorandum filed March 10, 2014, in which he allegedly "relied upon the very persuasive reasoning set for[th] in the opinion and order issued by the Lycoming County Court of Common Pleas sitting en banc in which all five Court of Common Pleas Judges determined that 18 Pa.C.S.A. § 7508 is unconstitutional in light of **Alleyne**…." Appellant's Brief at 23. A copy of the *en banc* decision is attached to Murray's appellate brief; the sentencing memorandum is not.

We are constrained to remind Murray that incorporation by reference does not constitute a properly developed claim. Our Supreme Court has categorically rejected incorporation by reference as a means of presenting an issue. The Court has called the practice "unacceptable" and explained, "our appellate rules do not allow incorporation by reference of arguments contained in briefs filed with other tribunals, or briefs attached as

appendices, as a substitute for the proper presentation of arguments in the body of the appellate brief." ***Commonwealth v. Briggs***, 12 A.3d 291, 342-343 (Pa. 2011) (citations omitted). The allowance of incorporation by reference "would enable wholesale circumvention of our appellate rules which set forth the fundamental requirements every appellate brief must meet." ***Id***., at 343 (citations omitted).

Ordinarily, to the extent that Murray has failed to properly develop an argument concerning the constitutionality of § 7508, we would find this issue waived. However, we note this Court has previously stated in addressing the ***Alleyne*** decision that where "[a]pplication of a mandatory minimum sentence gives rise to illegal sentence concerns, even where the sentence is within the statutory limits[,] [such] [l]egality of sentence questions are not waivable." ***Watley***, 81 A.3d at 118. Therefore, we will address the merits of this issue.

Section 7508 states, in pertinent part:

**§ 7508. Drug trafficking sentencing and penalties**

**(a) General rule.--**Notwithstanding any other provisions of this or any other act to the contrary, the following provisions shall apply:

…

(7) A person who is convicted of violating section 13(a)(14), (30) or (37) of The Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance or a mixture containing it is heroin shall, upon conviction, be sentenced as set forth in this paragraph:

…

(ii) when the aggregate weight of the compound or mixture containing the heroin involved is at least 5.0 grams but less than 50 grams: a mandatory minimum term of three years in prison and a fine of $15,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: a mandatory minimum term of five years in prison and $30,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity;

…

**(b) Proof of sentencing.--**Provisions of this section shall not be an element of the crime. Notice of the applicability of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant an opportunity to present necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

18 Pa.C.S.A. § 7508(a)(7)(ii), (b).

Recently, in **Commonwealth v. Valentine**, ___ A.3d ___, 2014 WL 4942256 (Pa. Super., filed Oct. 3, 2014), a panel of this Court determined that the trial court lacked the authority to allow the jury to determine the factual predicates for imposition of mandatory minimum sentences under 42 Pa.C.S.A. §§ 9712 and 9713. **See id**. at ___, 2014 WL at *8. Relying upon this Court's recent en banc decision in **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (en banc), the Court in **Valentine** observed that

in so doing the "trial court erroneously presupposed that only Subsections (c) of both 9712 and 9713 (which permit a trial judge to enhance the sentence based on a preponderance of the evidence standard) were unconstitutional under *Alleyne*, and that Subsections (a) of 9712 and 9713[, relating to the factual predicates for imposition of the mandatory minimum sentence,] survived constitutional muster." *Id*. The panel continued:

> Our decision in *Newman* however holds that the unconstitutional provisions of § 9712(c) and § 9713(c) are not severable but "essentially and inseparably connected" and that the statutes are therefore unconstitutional as a whole. *Id.* at −−−− − − −−−−, 13–14. ("If Subsection (a) is the predicate arm ... then Subsection (c) is the enforcement arm. Without Subsection (c), there is no mechanism in place to determine whether the predicate of Subsection (a) has been met.").
>
> Moreover, *Newman* makes clear that "it is manifestly the province of the General Assembly to determine what new procedures must be created in order to impose mandatory minimum sentences in Pennsylvania following *Alleyne*." *Newman* at −−−−, 14. Therefore, the trial court lacked the authority to allow the jury to determine the factual predicates of §§ 9712 and 9713. *See Newman* at −−−− − −−−−, 14–15 (recognizing that several trial courts of this Commonwealth have found Section 9712.1 as a whole to be no longer workable without legislative guidance).

*Id*.

We find the decision in *Valentine* controls this case. As in the facts set forth in *Valentine*, the trial court here permitted the jury to determine the weight of the heroin Murray possessed for purposes of imposing the mandatory minimum sentence under 18 Pa.C.S.A. § 7508(a). However, as the decision in *Newman* makes it clear that the enforcement provision

under § 7508(b), which is unconstitutional in light of the decision in **Alleyne**, is inseparable from the predicate arm in § 7508(a), § 7508 as a whole is rendered constitutionally infirm. **See Valentine**. Accordingly, the trial court lacked the authority to submit the factual predicate for the sentence to the jury. Therefore, we are constrained to vacate Murray's judgment of sentence and remand for resentencing without consideration of the mandatory minimum sentence under § 7508.

Judgment of sentence vacated. Case remanded for resentencing consistent with this memorandum. Jurisdiction relinquished.

Judge Platt joins in the memorandum.

Judge Bowes files a concurring memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/18/2014