J-S26019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
KHALIL REED :
:
Appellant : No. 3350 EDA 2016

Appeal from the Judgment of Sentence September 22, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008102-2014

BEFORE:   BENDER, P.J.E., BOWES, J., and STEVENS*, P.J.E.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 16, 2018**

Khalil Reed appeals from the judgment of sentence of three to seven years imprisonment that was imposed after a jury convicted him of persons not to possess firearms.  We affirm.

We adopt the trial court's summary of the testimony that the Commonwealth presented during the jury trial.

> Philadelphia Police Officer, John Krewer, testified that on June 27, 2014, he was on patrol in plain clothes, in an unmarked police vehicle, with his partner, Officer Patrick DiDomenico.  At approximately 7:30 p.m., he was traveling east on Greenway Avenue, in the City and County of Philadelphia, when a gold Grand Marquis passed him going at a high rate of speed.  After pursuing this vehicle for eight or nine blocks, along with other marked police units, he observed [Appellant] close the driver's door and start running.  Officer Krewer exited his vehicle, pursued [Appellant] and, as he approached him, he identified himself as a police officer.  [Appellant], dropping to the ground, immediately surrendered, stating; "I'm dirty, I'm dirty.  There's a gun in my vehicle."  [Appellant] later told Officer Krewer that he had purchased the gun that day.  After securing [Appellant], he

_____
* Former Justice specially assigned to the Superior Court.

examined the vehicle and noticed "on the passenger floor mat, in clear view, you could see it from the outside, is a small black caliber semi-automatic handgun."

Officer Krewer's partner, Patrick DiDomenico, testified similarly that while on patrol with Officer Krewer, a gold Mercury Grand Marquis passed them at a high rate of speed. He identified [Appellant] as the driver of the car and also that he saw no one else in the vehicle. Once the vehicle was stopped, he observed [Appellant] exit and start running towards him. Immediately, on identifying themselves as police officers, [Appellant] dropped to the ground and was taken into custody. Although he heard [Appellant] shouting something he could not make out what it was.

Philadelphia Police Detective, Vincent Parker, testified that he was the assigned detective investigating this incident. Based on information he received from Officer Krewer, he went to the scene and recovered a handgun from the front passenger floor of the gold 2003 Grand Marquis.

Trial Court Opinion, 10/3/17, at 2-3 (citations to the record omitted).

The jury convicted Appellant of the firearm offense and the trial court imposed three to seven years imprisonment. This appeal followed. Appellant's timely Rule 1925(b) statement raised two issues, which he reiterates on appeal as follows:

1. Was the evidence insufficient to convict [Appellant] of 18 P[a].C.S. § 6105, [p]ersons not to possess firearms?

2. Did the [t]rial [c]ourt err in permitting the introduction of photographs marked as Commonwealth Exhibit c12 through 17, mid-trial, which was not provided to the defense in violation of Pa.R.Crim.P. 573?

Appellant's brief at 3.

First, we acknowledge our standard of review. In addressing a sufficiency of the evidence claim, we examine all of the evidence admitted,

even improperly admitted evidence. ***Commonwealth v. Watley***, 81 A.3d 108, 113 (Pa.Super. 2013) (*en banc*). We consider the evidence in the light most favorable to the verdict winner, herein the Commonwealth, drawing all possible inferences from the evidence in its favor. ***Id***. The sufficiency claim will fail when evidence exists to allow the fact finder to determine beyond a reasonable doubt each element of the crime. ***Id***.

Importantly, the evidence need not preclude the possibility of innocence entirely. The fact finder is free to believe, in whole or in part, whatever evidence it chooses. ***Id***. Additionally, the Commonwealth may prove its case by circumstantial evidence alone. It is only when "the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances," that the defendant is entitled to relief. ***Id***. This Court is not permitted "to re-weigh the evidence and substitute our judgment for that of the fact finder." ***Id***.

Appellant argues that the Commonwealth failed to adduce sufficient evidence to support the conviction for possession of a firearm by a prohibited person. That offense provides "A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess . . . a firearm in this Commonwealth." 18 Pa.C.S. § 6105.

During the trial, Appellant stipulated that he had a prior conviction that disqualified him from owning or possessing a firearm under the statute. N.T.,

6/7/16, at 65. The only element that Appellant challenges relates to whether he possessed the gun that Officer Krewer discovered in the vehicle Appellant was operating. Stated plainly, Appellant asserts that the evidence was insufficient because the Commonwealth demonstrated only that the police recovered the handgun from the passenger floor of the vehicle. He continues that those facts do not support the finding that he possessed the weapon constructively. For the following reasons, we disagree.

When reviewing a challenge to constructive possession, we utilize the following principles:

> In order to prove that a defendant had constructive possession of a prohibited item, the Commonwealth must establish that the defendant had both the ability to consciously exercise control over it as well as the intent to exercise such control. [***Commonwealth v. Sanes***, 955 A.2d 369 (Pa.Super. 2008)] "An intent to maintain a conscious dominion may be inferred from the totality of the circumstances, and circumstantial evidence may be used to establish a defendant's possession of drugs or contraband." ***Commonwealth v. Valette***, 531 Pa. 384, 613 A.2d 548, 550 (1992) (quoting ***Macolino***, ***supra*** at 134).

***Commonwealth v. Gutierrez***, 969 A.2d 584, 590 (Pa.Super. 2009).

Contrary to Appellant's protestations, the Commonwealth presented sufficient evidence during the jury trial to establish beyond a reasonable doubt that Appellant exercised exclusive control over the firearm. As outlined in the trial court's summary of the police officers' testimony, Officer DiDomenico identified Appellant as the only person in the vehicle that Appellant was driving at a high rate of speed. After the police chase, Officer DiDomenico and Officer Krewer both observed Appellant exit the vehicle and flee. While Officer

DiDomenico could not decipher what Appellant shouted immediately prior to his apprehension, Officer Krewer testified that Appellant volunteered, "I'm dirty, I'm dirty. There's a gun in my vehicle." N.T., 7/7/16, at 11, 16. Appellant subsequently explained to Officer Krewer that he purchased the firearm earlier that day. Upon examining the car, Officer Krewer observed the firearm in plain view on the floor of the vehicle.

Viewing the foregoing evidence in the light most favorable to the Commonwealth, as we must, and drawing all possible inferences in the Commonwealth's favor, the evidence sustains the jury's determination that Appellant had constructive possession of the firearms. Not only was Appellant the only occupant of the car in which police discovered the firearm, he volunteered to Officer Krewer that he knew the gun was there because he purchased it that day. Appellant's sufficiency claim fails.

Appellant's second issue relates to the trial court's admission of five photographs that depicted the exterior and interior of the automobile that Officer DiDomenico observed Appellant operating. The following facts are relevant to our review of this issue. On the first day of trial, Detective Parker testified about his recovery of the firearm from the vehicle that Appellant was driving. N.T., 6/7/16, at 40-41. Detective Parker indicated that he observed the firearm on the floor of the car's front passenger area. *Id*. at 46. During cross-examination, Appellant inquired whether Detective Parker had taken any photographs of the vehicle, and Detective Parker responded that he had,

including one depicting the firearm resting on the car floor. *Id*. at 50. On re-direct, Detective Parker outlined the typical procedure for producing documents and photographs for trial, but he could not explain why the instant photos had not been made available for either party's review in this case. *Id*. at 52.

The following day, the Commonwealth requested permission to introduce the five photographs that Detective Parker referenced in his testimony. Appellant leveled a *Brady*[1] objection because the photos were not disclosed during pretrial discovery. N.T., 6/8/18, at 3. Following a side bar discussion, the trial court permitted the Commonwealth to recall Detective Parker to describe how he procured the photographs the prior evening. He explained, "After testimony yesterday and becoming aware that neither counsel had the photographs, I reviewed my [digital] camera and the pictures were still there. And I [sent] them to [the prosecution]." *Id*. at 9. Thereafter, the five photos were presented to Detective Parker, who described the scenes depicted therein, and then displayed them to the jury. *Id*. at 11.

_____

[1] In *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the United States Supreme Court held, "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." In order "[t]o prove a *Brady* violation, the defendant must show that (1) the prosecutor has suppressed evidence; (2) the evidence whether exculpatory or impeaching, is helpful to the defendant; and (3) the suppression prejudiced the defendant." *Commonwealth v. Busanet*, 54 A.3d 35, 48 (Pa. 2012). Significantly, Appellant did not assert that the photographs were exculpatory or that the Commonwealth suppressed them.

Instantly, Appellant contends that the photographs were inadmissible because the Commonwealth failed to timely disclose them pursuant to the discovery rules outlined in Pa.R.Crim.P. 573. For the reasons described *infra*, no relief is due.

In pertinent part, Rule 573 provides a follows:

**(B) Disclosure by the Commonwealth**.

(1) *Mandatory*. In all court cases, on request by the defendant, . . . the Commonwealth shall disclose to the defendant's attorney all of the following requested items or information, provided they are material to the instant case.

. . . .

(f) any tangible objects, including documents, photographs, fingerprints, or other tangible evidence.

Pa.R.Crim.P. 573(B)(1)(f). If a discovery violation occurs, the trial court may grant a continuance, prohibit the introduction of the evidence, or enter any order it deems just under the circumstances. Pa.R.Crim.P. 573(E).

The trial court has broad discretion in choosing the appropriate remedy for a discovery violation. ***Commonwealth v. Johnson***, 727 A.2d 1089, 1097 (Pa. 1999) (addressing Pa.R.Crim.P. 305, renumbered Rule 573 effective April 1, 2001). Our scope of review is whether the court abused its discretion in not excluding evidence pursuant to Rule 573(E). *Id.* A defendant seeking relief from a discovery violation must demonstrate prejudice. *Id.* More specifically, an appellant must demonstrate how a more timely disclosure would have affected his trial strategy or how he was otherwise prejudiced by

the alleged late disclosure. ***Commonwealth v. Jones***, 668 A.2d 491, 510 (Pa. 1995); ***see also Commonwealth v. Chambers****,* 599 A.2d 630, 636-38 (Pa. 1991) (no error in denial of mistrial motion for untimely disclosure where appellant cannot demonstrate prejudice).

Appellant contends that the Commonwealth's failure to reveal the existence of the five photographs until the second day of trial was prejudicial because the photos refuted his opening statements, which he claims highlighted the dearth of evidence that would corroborate the police officers' proposed testimony. The implication of Appellant's argument is that, if he had been aware that the photographs existed, he would not have commented on the Commonwealth's lack of evidence in his introductory statements to the jury. Trial counsel presented this argument to the trial court as follows:

> These [photographs] are discoverable. The case is two years old. We haven't been given these. And, trial has begun. So not only has trial begun, the witness has been called and left the stand and then we[']re being passed this evidence. I don't think I would have opened the way that I did if I was given this a year and a half ago when I was given discovery.

N.T., 6/8/16, at 4-5.

Appellant's assertion of prejudice fails. First, we observe that, since counsel's opening statements are not included in the certified record, we cannot examine what counsel did or did not argue therein. ***Commonwealth v. Johnson***, 33 A.3d 122, 126 n.6 (Pa.Super. 2011) ("[F]or purposes of appellate review, what is not of record does not exist."). Second, Appellant's broad allegation of prejudice neglects to identify the specific aspect of Officer

Krewer's testimony that was implicated by counsel's opening. While counsel argued to the trial court that "Officer Krewer [indicated] that the car was there[,]" and the photographs presumably corroborated that statement, that detail is minor because the vehicle's presence at the scene of Appellant's arrest is undisputed. N.T., 6/8/16, at 5. Hence, whether the photos corroborated that aspect of Officer Krewer's testimony is inconsequential.

Moreover, assuming *arguendo* that counsel's knowledge of the photographs would have altered his decision to highlight a purported absence of evidence to corroborate the officers' testimony regarding their discovery of the gun in Appellant's vehicle, the unassailable truth remains that, since the outset of these proceedings, counsel was aware of Appellant's spontaneous declaration to Officer Krewer that he owned the firearm that was recovered from the car.[2] N.T., 6/7/16, at 16. Thus, notwithstanding counsel's current allegation of prejudice, the certified record reveals that counsel persisted with his chosen opening despite knowing that inculpatory evidence already existed to corroborate the testimony that police found the gun in the car that Appellant

_____

[2] For similar reasons, we find that the properly-admitted evidence of Appellant's statements to Officer Krewer regarding his ownership of the firearm and knowledge of its location was tantamount to overwhelming evidence of guilt that would render harmless any trial court error concerning the Rule 573(B) violation. ***See Commonwealth v. Robinson***, 721 A.2d 344, 350 (Pa. 1998) ("Harmless error exists where: . . . (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.").

operated. Hence, Appellant failed to demonstrate how a more timely discovery would have affected his trial strategy.

Accordingly, we conclude that the trial court did not abuse its discretion in admitting the five photographs notwithstanding the Commonwealth's technical violation of Rule 573(B)(1)(f). *See Jones*, *supra* at 510; *Chambers*, *supra* at 636-38 (no error in denial of mistrial motion for untimely disclosure where appellant cannot demonstrate prejudice).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/16/18