J-S36021-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOSEPH WARREN YOUNG | : | |
| | : | |
| Appellant | : | No. 1716 WDA 2019 |

Appeal from the Judgment of Sentence Entered November 1, 2019
In the Court of Common Pleas of Somerset County
Criminal Division at No(s): CP-56-SA-0000027-2019

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOSEPH WARREN YOUNG | : | |
| | : | |
| Appellant | : | No. 1722 WDA 2019 |

Appeal from the Judgment of Sentence Entered November 1, 2019
In the Court of Common Pleas of Somerset County
Criminal Division at No(s): CP-56-SA-0000051-2019

BEFORE: OLSON, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KING, J.: FILED OCTOBER 16, 2020

Appellant, Joseph Warren Young, appeals from the judgments of

sentence entered in the Somerset County Court of Common Pleas, following

his bench trial convictions for drivers required to be licensed and driving while

_____

[*] Retired Senior Judge assigned to the Superior Court.

operating privilege is suspended or revoked.[1]  We affirm.

The trial court opinion set forth the relevant facts and procedural history of this case as follows:

> [Appellant] appeals from a citation that Officer Russell Miller of the Conemaugh Township Police issued [to Appellant] in Stonycreek Township on May 22, 2019, after witnessing [Appellant] driving his vehicle without a license in Conemaugh and Upper Yoder Townships.  Officer Miller and [Appellant] have interacted on numerous prior occasions.  In fact, Officer Miller cited [Appellant] for driving without a license just two months before this May traffic stop, on March 7, 2019.  Although [this] case predominantly concerns the May traffic stop, both the May and March traffic stops were relevant to resolving the present matter.
>
> Both traffic stops occurred around the borders of Conemaugh, Upper Yoder, and Stonycreek Townships. Conemaugh Township is the southern neighbor of Upper Yoder Township, and Stonycreek Township lies to the east of both Conemaugh and Upper Yoder Townships.  In relevant part, Tire Hill Road connects Conemaugh and Upper Yoder Townships.  A shopping plaza sits along the northernmost portion of Tire Hill Road and straddles the two localities:  the southern portion of the plaza is in Conemaugh, and its northern portion is in Upper Yoder. Ferndale Avenue, which is just beyond the northern edge of the shopping plaza and located in Upper Yoder, runs perpendicular to Tire Hill Road.  Ferndale Avenue runs through Upper Yoder in a northeastern direction.  After turning right onto Ferndale Avenue from Tire Hill Road, a driver will eventually enter Stonycreek Township.
>
> On March 7, 2019, [Appellant], who had a suspended driver's license, was travelling north on Tire Hill Road in Conemaugh Township, while Officer Miller was traveling southbound and observed [Appellant] operating the

_____

[1] 75 Pa.C.S.A. §§ 1501(a), 1543(b)(1)(i).

vehicle.[2]   Because Officer Miller already knew that [Appellant] had a suspended driver's license, he turned his patrol vehicle around in order to make a traffic stop.  Officer Miller caught up with [Appellant's] vehicle as it approached a stop sign in Upper Yoder Township, which was just beyond Conemaugh's border and the shopping plaza.   [Appellant] failed to stop his vehicle at the stop sign.  Officer Miller then activated his patrol vehicle's lights and proceeded to conduct the traffic stop in Upper Yoder Township.   During this traffic stop, Officer Miller obtained [Appellant's] certified driving record and confirmed that [Appellant's] license was suspended.   Officer Miller issued [Appellant] a citation for failure to stop for a posted stop sign ... and another citation for operating a vehicle without a valid license ....[1]

> [1] On May 2, 2019, [Appellant] proceeded to a summary hearing before [a magistrate], who found [Appellant] guilty of both offenses.
>
> \*   \*   \*
>
> On [Monday,] June 3, 2019, [Appellant] appealed the magistrate's decision to [the trial c]ourt, which was docketed as [SA-27-]2019.

Two months later, on May 22, 2019, at around 3:00 a.m., Officer Miller was stopped at a traffic light on the intersection of Ferndale Avenue and Tire Hill Road in Upper Yoder Township.  From that vantage point, Officer Miller could observe the southern portion of Tire Hill Road located in Conemaugh and the entire shopping plaza, including a car wash that sits in Upper Yoder.  While Officer Miller sat at the traffic light, he observed [Appellant's] vehicle driving north on the portion of Tire Hill Road located in Conemaugh. Officer Miller was fully aware of the vehicle that [Appellant] drove, [Appellant's] appearance, and the fact that [Appellant] had a suspended license.  Thus, when Officer Miller observed [Appellant's] vehicle traveling down Tire Hill Road in Conemaugh, he became suspicious that, once more,

_____

[2] Officer Miller receives monthly reports regarding drivers with suspended licenses, and he was aware of Appellant's suspension from reviewing these reports.  (N.T. Hearing, 11/1/19, at 13).

- 3 -

[Appellant] was driving without a license and paid close attention to what occurred next.

[Appellant's] vehicle briefly continued north on Tire Hill Road from Conemaugh into Upper Yoder, before pulling into the shopping plaza and parking at the plaza's car wash. The driver of the vehicle exited the car and began vacuuming it. Because of his abundant familiarity with [Appellant], Officer Miller immediately recognized the driver of the vehicle as [Appellant]. At that time, Officer Miller did not immediately approach [Appellant] because he hoped that [Appellant] would see him posted at the light and call someone for a ride, rather than continue driving. Officer Miller's hopes did not come to fruition.

After he finished vacuuming his vehicle, [Appellant] reentered his vehicle, exited the shopping plaza, and turned north onto Tire Hill Road, placing him at the intersection of Tire Hill Road and Ferndale Avenue in Upper Yoder. [Appellant] then turned his vehicle east onto Ferndale Avenue. Officer Miller immediately activated his patrol vehicle's lights and sirens and began pursuing [Appellant] in order to conduct a traffic stop. Because Stonycreek Township lies immediately to the east of Upper Yoder, Officer Miller ultimately performed the traffic stop … in Stonycreek Township. During the traffic stop, Officer Miller confirmed [Appellant's] license suspension through a certified driving record.

Officer Miller issued [a citation] for operating a vehicle with a suspended license …. On August 20, 2019, [Appellant] proceeded to a summary hearing before [a magistrate], who found [Appellant] guilty under Section 1543(b)(1). [The magistrate] assessed fines and costs against [Appellant]. Because this was Appellant's sixth offense under Section 1543(b)(1), she also sentenced him to 90 days of incarceration in the Somerset County Jail.

On September 18, 2019, [Appellant appealed the magistrate's decision to the trial court, which was docketed as SA-51-2019].

(Trial Court Opinion for SA-51-2019, filed March 3, 2020, at 1-4) (internal

- 4 -

record citations and some footnotes omitted).

Prior to his trial de novo for both cases, Appellant filed identical suppression motions at both SA-27-2019 and SA-51-2019. Appellant argued that the March 7, 2019 traffic stop was illegal under the Municipal Police Jurisdiction Act ("MPJA"), 42 Pa.C.S.A. §§ 8951-8955. (See Suppression Motion, filed 10/3/19, at ¶9). Appellant further argued that "pursuant to the exclusionary rule,[3] the information obtained from the ... illegal stop, i.e., [Appellant's] driving record, cannot be the basis for the traffic stop made by Officer Miller on May 22, 2019." (Id. at ¶10).

The court conducted a suppression hearing on November 1, 2019. After receiving testimony from Officer Miller, the court permitted additional argument. At that time, Appellant's counsel raised another theory regarding why the May 22, 2019 traffic stop was illegal:

> [T]he May incident, okay, clearly occurred in Cambria County.[4] [The officer] testified that he was at the corner of Ferndale Avenue and Tire Hill Road, and he saw a vehicle coming down. He didn't know it was [Appellant] at all. So, he didn't know if there's a violation [that] occurred.
>
> He didn't recognize [Appellant] until [Appellant] got out of

_____

[3] "To effectuate the rights guaranteed under the Fourth Amendment, in the early part of the last century, the United States Supreme Court adopted the exclusionary rule, which bars the use of evidence obtained through an illegal search and seizure." Commonwealth v. Arter, 637 Pa. 541, 547-48, 151 A.3d 149, 153 (2016).

[4] Upper Yoder and Stonycreek Townships are located within Cambria County. (See N.T. Hearing, 11/1/19, at 22). Conemaugh Township is in Somerset County. (Id. at 32-33).

his car in the car wash ... right along Tire Hill Road. He sees him, and then he's waiting for him to drive. Again, he could have activated his lights and arrested him there. He didn't do that.

He stood by, came out, and he arrested him in Cambria County again. That whole violation definitely occurred within Cambria County.

(N.T. Hearing at 37).

Following argument, the court granted Appellant's suppression motion in part. Specifically, the court dismissed the March 7, 2019 citation for failure to stop at a stop sign, finding the offense "actually took place outside of Conemaugh Township; and, so it would seem to the [c]ourt that there is no exception under the [MPJA] for that particular offense." (Id. at 39). The court denied the suppression motion in all other respects, stating:

[W]e believe that Section 8953(a)(2) [of the MPJA] applies, the reasoning being that we find that the officer was able to observe [Appellant] committing various violations under the Vehicle Code while in the boundaries of Conemaugh Township.

The officer then pursued [Appellant] as [Appellant] drove beyond the boundaries of Conemaugh Township, and we find that that was a fresh pursuit of an offense that was [committed] inside of the jurisdiction of Conemaugh Township.

(Id.)

Appellant immediately proceeded to a trial de novo for the remaining offenses. At SA-27-2019, the court found Appellant guilty of drivers required to be licensed and sentenced him to pay costs, fees, and a fine. At SA-51-2019, the court found Appellant guilty of driving with a suspended license and

sentenced him to ninety days' incarceration, plus the payment of costs, fees, and a fine.

On November 18, 2019, Appellant timely filed separate notices of appeal at both docket numbers. On November 21, 2019, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal at SA-27-2019 only. Nevertheless, Appellant timely filed separate Rule 1925(b) statements at both docket numbers on December 11, 2019. On January 2, 2020, this Court consolidated the appeals sua sponte.

Appellant now raises one issue for our review:

> Whether the trial court erred in finding that Officer Miller was authorized to arrest and charge [Appellant] with driving with a suspended license outside of his primary jurisdiction pursuant to 42 Pa.C.S.A. § 8953(a)(2), where Officer Miller did not observe or pursue [Appellant] at any time within his own primary territorial jurisdiction.

(Appellant's Brief at 5).

On appeal, Appellant contends there was no exception within the MPJA to allow Officer Miller, who works for the Conemaugh Township Police Department, to make the traffic stop in Stonycreek Township on May 22, 2019. Regarding the "hot pursuit" exception set forth in Section 8953(a)(2), Appellant argues it applies only in cases where the offense is committed within the officer's primary jurisdiction. Appellant further argues the record does not support a finding that he committed any offense in Conemaugh Township on the night in question. Appellant maintains Officer Miller assumed Appellant was traveling from Conemaugh Township on Tire Hill Road, but "the only

- 7 -

testimony in evidence offered at [the suppression hearing] was that Appellant was operating his vehicle in Cambria County at the time Officer Miller first observed him …." (Id. at 17-18). Appellant concludes Officer Miller violated the MPJA and conducted an illegal traffic stop, and this Court must reverse the conviction for driving with a suspended license at SA-51-2019.[5] We disagree.

In reviewing the court's suppression ruling, we are guided by the following principles:

> The standard and scope of review for a challenge to the denial of a suppression motion is whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. When reviewing the rulings of a suppression court, [the appellate court] considers only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. When the record supports the findings of the suppression court, [the court is] bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

Commonwealth v. Griffin, 116 A.3d 1139, 1142 (Pa.Super. 2015) (quoting Commonwealth v. Johnson, 33 A.3d 122, 125-26 (Pa.Super. 2011)). "It is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given their testimony."

_____

[5] In its Rule 1925(a) opinion, the trial court determined that Appellant waived this issue by failing to raise it in the suppression motion or at the hearing. (See Trial Court Opinion at 7-8). Based upon our review of the transcript, however, counsel's oral argument at the suppression hearing was adequate to preserve the issue for appeal. (See N.T. Hearing at 37).

Commonwealth v. Thomas, 179 A.3d 77, 81 (Pa.Super. 2018) (quoting

Commonwealth v. Gallagher, 896 A.2d 583, 585 (Pa.Super. 2006)).

The MPJA defines the "primary jurisdiction" of municipal police officers

as "[t]he geographical area within the territorial limits of a municipality or any

lawful combination of municipalities which employs a municipal police officer."

42 Pa.C.S.A. § 8951. The MPJA also recognizes certain instances where

municipal police officers may legitimately stop an individual outside of their

primary jurisdiction, including when an officer is in hot pursuit of a suspect:

> § 8953. Statewide municipal police jurisdiction
>
> (a) General rule.—Any duly employed municipal police officer who is within this Commonwealth, but beyond the territorial limits of his primary jurisdiction, shall have the power and authority to enforce the laws of this Commonwealth or otherwise perform the functions of that office as if enforcing those laws or performing those functions within the territorial limits of his primary jurisdiction in the following cases:
>
> \* \* \*
>
> (2) Where the officer is in hot pursuit of any person for any offense which was committed, or which he has probable cause to believe was committed, within his primary jurisdiction and for which offense the officer continues in fresh pursuit of the person after the commission of the offense.

42 Pa.C.S.A. § 8953(a)(2).

Our Supreme Court has elaborated that "'hot pursuit' and 'fresh pursuit'

require some sort of investigation and tracking of the perpetrator and that

that pursuit be immediate, continuous and uninterrupted." Commonwealth

v. Peters, 600 Pa. 268, 274, 965 A.2d 222, 225 (2009). Further, "the MPJA is to be construed liberally to give effect to its purposes. One of the intended purposes of the MPJA is to promote public safety while maintaining police accountability to local authority; it is not intended to erect impenetrable jurisdictional walls benefit[ing] only criminals hidden in their shadows." Id. (internal citations and quotation marks omitted).

Instantly, Officer Miller unequivocally testified that he observed Appellant driving in Conemaugh Township, the officer's primary jurisdiction, on May 22, 2019:

> [THE COURT]: Now, let's go to the later incident. I think it was the May 22nd incident.
>
> [OFFICER]: Okay.
>
> [THE COURT]: You first observed him in Conemaugh Township ...?
>
> [OFFICER]: On the road in Conemaugh Township. He pulled into the car wash.

(N.T. Hearing at 25) (emphasis added). In light of this testimony, the court concluded that Section 8953(a)(2) authorized Officer Miller's subsequent actions. (See id. at 39). Here, the suppression record supports the court's finding that Officer Miller properly acted under the MPJA, where the officer was in hot pursuit of Appellant for an offense committed within the officer's primary jurisdiction. See Peters, supra; 42 Pa.C.S.A. § 8953(a)(2). Because the record supports the court's factual findings, we affirm. See Griffin, supra.

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/16/2020</u>