J-A30024-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID TRIMAINE MOYE | : | |
| | : | |
| Appellant | : | No. 106 MDA 2019 |

Appeal from the Judgment of Sentence Entered December 27, 2018
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000916-2018

BEFORE:   DUBOW, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:                **FILED FEBRUARY 10, 2020**

Appellant David Trimaine Moye appeals from the judgment of sentence imposed following his conviction for driving under the influence of a controlled substance[1] (DUI) and a related offense. Appellant claims that the trial court erroneously admitted a lab report and challenges the sufficiency of the evidence supporting his DUI conviction. We conclude that Appellant has not preserved any of his issues for appeal and affirm.

The facts and procedural history of this case are well known to the parties. Appellant was tried on October 23, 2018, before a judge sitting without a jury. The trial court found Appellant guilty of DUI and a related

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(d)(1)(iii).

offense. Appellant filed a motion for post-trial relief on November 26, 2018, challenging the sufficiency of the evidence for his DUI conviction, which the trial court denied on November 28, 2018.

On December 27, 2018, the trial court sentenced Appellant to an aggregate sentence of seventy-two hours to six months of incarceration. Appellant did not file a post-sentence motion. Appellant timely appealed on January 11, 2019.

On January 14, 2019, the trial court issued an order directing Appellant to file a Rule 1925(b) statement of matters complained of on appeal within twenty-one days of the order. Appellant filed an untimely Rule 1925(b) statement on February 7, 2019.[2] The only issue Appellant raised in his Rule 1925(b) statement was "[w]hether [the trial court] erred in allowing the results of the lab report with respect to 6-Monoacetylmorphine to be admitted as evidence at trial." Appellant's Rule 1925(b) Statement, 2/7/19. The trial court filed its Rule 1925(a) opinion on February 22, 2019.

Subsequently, when the trial court transmitted the record to this Court, it did not include the October 23, 2018 trial transcript. On July 23, 2019, Appellant filed a supplemental reproduced record with this Court that included

_____

[2] The late filing of a Rule 1925(b) statement constitutes *per se* ineffectiveness of counsel and does not necessarily result in waiver. **See** Pa.R.A.P. 1925(c)(3); **Commonwealth v. Burton**, 973 A.2d 428, 433 (Pa. Super. 2009). Because the trial court filed an opinion addressing the issues in Appellant's untimely 1925(b) statement, we do not find waiver on the grounds of an untimely Rule 1925(b) statement. **See Burton**, 973 A.2d at 433.

the trial transcript. Neither the parties nor the trial court corrected the certified record to include the omitted transcript.

Before turning to Appellant's issues, we note that the Commonwealth filed two motions with this Court. In the first motion, the Commonwealth seeks to quash the appeal for Appellant's failure to request the October 23, 2018 trial transcript. In the second motion, the Commonwealth argues that the trial transcript is not part of the certified record and Appellant's inclusion of it in his supplemental reproduced record cannot remedy this deficiency. As a result, the Commonwealth reasons this Court cannot consider the transcript and requests that we strike the supplemental reproduced record. We resolve both motions together.

Pennsylvania Rule of Appellate Procedure 1911 states "[t]he appellant shall request any transcript required under this chapter in the manner and make any necessary payment or deposit therefor in the amount and within the time prescribed by Rules 4001 *et seq.* of the Pennsylvania Rules of Judicial Administration". Pa.R.A.P. 1911(a); **see also** Pa.R.A.P. 1921 (the record on appeal includes the transcripts of the proceedings). If the appellant fails to do so, this Court "may take such action as it deems appropriate, which may include dismissal of the appeal." Pa.R.A.P. 1911(d).

As this Court explained, it is well-settled that

> matters which are not of record cannot be considered on appeal.
> Thus, an appellate court is limited to considering only the
> materials in the certified record when resolving an issue. . . . [A]ny
> document which is not part of the officially certified record is

deemed non-existent—a deficiency which cannot be remedied merely by including copies of the missing documents in a brief or in the reproduced record.

* * *

[T]he Rules of Appellate Procedure require an appellant to order and pay for any transcript necessary to permit resolution of the issues raised on appeal. When the appellant . . . fails to conform to the requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review.

*Commonwealth v. Preston*, 904 A.2d 1, 6–7 (Pa. Super. 2006) (*en banc*) (citations and quotation marks omitted). However, "where the accuracy of a pertinent document is undisputed, the Court could consider that document if it was in the Reproduced Record, even though it was not in the [certified] record that had been transmitted to the Court." Pa.R.A.P. 1921, note (citing *Commonwealth v. Brown*, 52 A.3d 1139, 1145 n.4 (Pa. 2012)); *see also Prieto Corp. v. Gambone Const. Co.*, 100 A.3d 602, 605 n.2 (Pa. Super. 2014) (holding that this Court could consider a transcript included in the reproduced record, but not in the certified record, if neither party disputes its accuracy).

In this case, the Commonwealth has not objected to the **accuracy** of the trial transcript that Appellant submitted in his supplemental reproduced record. In fact, the Commonwealth cites to the trial transcript multiple times in its brief. *See, e.g.*, Commonwealth's Brief at 6-7, 10-12; *see also* Mot. to Quash Suppl. R.R. at 2, ¶ 9. Because the Commonwealth does not dispute the accuracy of the transcript Appellant submitted as a supplemental

reproduced record, we will consider it. *See* Pa.R.A.P. 1921; *Prieto*, 100 A.3d at 605 n.2. Accordingly, we deny the Commonwealth's motions and address Appellant's appeal.

Appellant raises two issues for our review:

1. Whether the trial court abused its discretion when it denied [Appellant's] request to not admit the . . . lab report?

2. Whether there was sufficient evidence to convict the [Appellant] of DUI where the . . . lab report did not provide an exact level of 6-Monoacetylmorphine[3] in the blood of the [Appellant], and the Commonwealth provided no further testimony to establish the exact level of 6-Monoacetylmorphine in the [Appellant's] blood?

Appellant's Brief at 4.

Initially, we examine whether Appellant properly preserved his first issue for appeal: whether the trial court erred in admitting the NMS Labs toxicology report (report) over Appellant's objection at trial. Appellant argues his objection to the admission of the report at trial should be considered the equivalent of a motion *in limine*, and that the trial court erred in admitting the report over his objection. Appellant's Brief at 8-9. Appellant also asserts that he attempted to withdraw his stipulation to authenticity of the report during trial. *Id.* at 9.

The Commonwealth responds that the Appellant waived this issue. Specifically, the Commonwealth notes that Appellant failed to preserve his

---

[3] A heroin metabolite. Commonwealth's Ex. 1 at 2.

challenge to the report with the trial court. **See** Commonwealth's Brief at 9-12.

Pa.R.A.P. 302(a) states: "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a); **see also Commonwealth v. Johnson**, 33 A.3d 122, 126 (Pa. Super. 2011) ("It is axiomatic that claims not raised in the trial court may not be raised for the first time on appeal." (citation omitted)). In order to preserve an issue for appeal, a party must lodge a timely objection with the trial court. **See Commonwealth v. Montalvo**, 956 A.2d 926, 936 (Pa. 2008) (noting "the general rule [is] that, in order to preserve a claim on appeal, a party must lodge a timely objection at trial." (citations omitted)). The trial court must be given "an opportunity to correct errors at the time they are made. A party may not remain silent and afterwards complain of matters which, if erroneous, the court would have corrected." **Commonwealth v. Strunk**, 953 A.2d 577, 579 (Pa. Super. 2008) (citations and some formatting omitted). Lastly, "Pa.R.Crim.P. 606(A)(7) expressly provides that a challenge to the sufficiency of the evidence can be raised for the first time on appeal." **Commonwealth v. McCurdy**, 943 A.2d 299, 301 (Pa. Super. 2008) (citation omitted).

Here, at the beginning of trial, Appellant's counsel stipulated to the authenticity of the report. N.T., 10/23/18, at 3-4. Later, Appellant's counsel argued the trial court should give minimal weight to the report because it showed the amount of 6-Monoacetylmorphine in Appellant's blood sample was

below the reporting limit. *Id.* at 11-12. We note that Appellant's counsel did not withdraw his stipulation to the authenticity of the report. *Id.* at 11. Moreover, when the Commonwealth moved for the admission of the report, Appellant's counsel stated he had no objection. *Id.* at 15-16.

Following our review, we conclude that Appellant did not timely object to the admissibility of the report. Appellant's failure to object to the admission of the report results in this issue being waived for appellate review. *See Montalvo*, 956 A.2d at 936. To the extent that Appellant argues that the trial court erred in refusing to allow him to withdraw his stipulation to the authenticity and require the expert to testify about the report, this claim is also waived because defense counsel never asked the trial court to withdraw his stipulation. *See id.* Therefore, we decline to consider Appellant's first issue.

Appellant's second issue challenges the sufficiency of evidence for DUI. The Commonwealth asserts that Appellant waived this issue by failing to preserve it in his Rule 1925(b) statement. *See* Commonwealth's Brief at 14-16.

Any issues not identified in an appellant's Rule 1925(b) statement of matters complained of on appeal are waived. Pa.R.A.P. 1925(b)(4)(vii); *see also Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011) ("Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule

1925(b) statement will be deemed waived"). "If [an appellant] wants to preserve a claim that the evidence was insufficient, then the [Rule] 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient." *Commonwealth v. Williams*, 959 A.2d 1252, 1257 (Pa. Super. 2008) (emphasis omitted). Even when the trial court choses to address the issue of sufficiency of the evidence in its Rule 1925(a) opinion despite a defective Rule 1925(b) statement, this Court has held that "the presence of a trial court opinion [is] of no moment to our analysis because we apply Pa.R.A.P. 1925(b) in a predictable, uniform fashion, not in a selective manner dependent on . . . a trial court's choice to address an unpreserved claim." *Id.* (citation and quotation marks omitted).

Here, Appellant's Rule 1925(b) statement did not include a challenge to the sufficiency of the evidence. *See* Appellant's Rule 1925(b) Statement, 2/7/19. We acknowledge that the trial court interpreted Appellant's objection to the admission of the lab report as an argument that the evidence was insufficient to convict him of DUI and addressed the argument in its Rule 1925(a) opinion. Trial Ct. Op., 2/22/19, at 5-7. Nevertheless, the trial court's decision to address the sufficiency claim in its Rule 1925(a) opinion does not negate Appellant's waiver. *See Williams*, 959 A.2d at 1257. Therefore, we conclude that Appellant has waived his sufficiency claim. *See* Pa.R.A.P. 1925(b)(4)(vii); *Hill*, 16 A.3d at 494.

Accordingly, because Appellant waived all of his issues, we affirm the judgment of sentence.

Judgment of sentence affirmed. Commonwealth's motions denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/10/2020