J. S10036/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| RICHARD LEE RAMSEY, | : | No. 1528 MDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered August 21, 2019,
in the Court of Common Pleas of Franklin County
Criminal Division at No. CP-28-CR-0001462-2018

BEFORE: PANELLA, P.J., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED APRIL 24, 2020**

Richard Lee Ramsey appeals from the August 21, 2019 judgment of sentence entered in the Court of Common Pleas of Franklin County, after being convicted, in a bench trial, of driving under the influence of a controlled substance – impaired ability and driving while operating privilege is suspended or revoked.[1] The trial court sentenced appellant to a term of incarceration of not less than 72 hours nor more than 6 months for driving under the influence and a consecutive sentence of 6 months' probation for driving under suspension. We affirm.

The record reflects that Pennsylvania State Troopers Lucas Amarose and Spencer Taylor testified that on April 29, 2018, at 8:00 a.m., they received a

---

[1] 75 Pa.C.S.A. §§ 3802(d)(2) and 1543(a), respectively.

dispatch for a report of an unconscious male in the parking lot of a Sheetz in Greencastle. (Notes of testimony, 7/19/19 at 10, 58, 59.) The report described the suspect as an unconscious black male behind the wheel of a gold sedan. (*Id.*) Upon arrival, Trooper Taylor noticed appellant's vehicle was not fully into the parking stall and the rear quarter of the vehicle was outside of the lines. (*Id.* at 59.) Trooper Amarose observed appellant passed out behind the wheel with the key in the ignition and the transmission in drive. The ignition was in the "on" position, but the engine was not running. (*Id.* at 11.)

Trooper Amarose knocked on the window several times before appellant awoke. (*Id.* at 12, 13.) Although it was 8:30 a.m., appellant stated that he had been sleeping because he just got off work at 7:00 a.m. (*Id.* at 13.) When Trooper Amarose asked to see appellant's operator's license and proof of insurance, appellant was unable to produce his license, advising Trooper Amarose that it was in his other clothes. (*Id.*) Trooper Amarose, however, learned that appellant's operating privileges were suspended. (*Id.*)

While talking to appellant, Trooper Amarose observed prescription medication inside appellant's vehicle. (*Id.* at 16.) Appellant's speech vacillated between loud and quiet; he appeared sleepy at times and wide-awake at other times. (*Id.* at 16, 17.) Appellant's eye pupils were constricted. (*Id.* at 25.) Appellant denied consuming alcoholic beverages. (*Id.* at 17.)

The troopers administered three field sobriety tests. (*Id.* at 18.) Based on appellant's performance of the sobriety tests and their training, observations, and experience, both troopers believed appellant to be under the influence of a controlled substance to a degree rendering him incapable of safe driving. (*Id.* at 19, 22 24, 25, 64, 65, 68.)

After appellant was taken into custody, he was transported to Chambersburg Hospital for a blood draw. (*Id.* at 26.) The chemical test results revealed the presence of amphetamines, buprenorphine, and norbuprenorphine. (*Id.* at 27, 28.) The forensic toxicologist's report noted that the narcotic effects of buprenorphine have the potential to cause significant impairment of the skills necessary for safe driving. (*Id.* at 30.)

Following his conviction and the imposition of sentence, no post-sentence motions were filed. Appellant filed a timely notice of appeal. The trial court directed appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied. The trial court then filed its Rule 1925(a) opinion.

Appellant raises the following issues for our review:

> [1.] Whether the trial court erred in finding the Commonwealth had established beyond a reasonable doubt each of the elements of DUI: controlled substance – impaired ability – 1st offense when the testimony of a witness admitted to testify as an expert in forensic toxicology opined to a reasonable degree of medical certainty that the substances in [appellant's] blood could not have resulted in impairment conflicted to such an extent with the

testimony of the testifying members of the Pennsylvania State Police that the finder of fact could not reasonably have concluded that the Commonwealth had proven all of the elements of the offense beyond a reasonable doubt[?]

[2.] Whether the trial court abused its discretion by finding [appellant] guilty beyond a reasonable doubt against the weight of the evidence when that evidence was so inconsistent that the finder of fact could not reasonably have concluded that the Commonwealth had proven [appellant's] guilt beyond a reasonable doubt[?]

[3.] Whether a post-sentence motion is not required when the charges in question relate to a petty offense where [appellant] is not entitled to a jury trial or resultant jury verdict[?]

Appellant's brief at 7-8 (extraneous capitalization omitted).

Appellant first challenges the sufficiency of the evidence to sustain his convictions. It is well settled that "when challenging the sufficiency of the evidence on appeal," in order to preserve that issue for appeal, an appellant's "Rule 1925(b) statement must specify the element or elements upon which the evidence was insufficient." *Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa.Super. 2009), *appeal denied*, 3 A.3d 670 (Pa. 2010) (citation and internal quotation marks omitted).

In his Rule 1925(b) statement, appellant frames his sufficiency challenge as follows: "Whether the evidence presented at the bench trial failed to prove every element of the crime charged beyond a reasonable doubt and, therefore, was insufficient to support [appellant's] conviction?" (Appellant's "statement of matters complained of on appeal," 10/9/19 at

unnumbered page 1.)  Because appellant failed to specify the element or elements of the conviction or convictions upon which he now claims the evidence was insufficient, appellant waives this issue on appeal.[2]  ***See Gibbs***, 981 A.2d at 281.

Nevertheless, we note that a reading of appellant's brief on this issue reveals that he is challenging the credibility of the state troopers while attempting to bolster the testimony of his forensic toxicologist.  (Appellant's brief at 15-16.)  In so doing, appellant challenges the weight of the evidence, not its sufficiency.  ***See***, ***e.g.***, ***Commonwealth v. Wilson***, 825 A.2d 710, 713-714 (Pa.Super. 2003) (a review of the sufficiency of the evidence does not include a credibility assessment; such a claim goes to the weight of the evidence); ***Commonwealth v. Gaskins***, 692 A.2d 224, 227 (Pa.Super. 1997) (the fact-finder makes credibility determinations, and challenges to those determinations go to the weight of the evidence, not the sufficiency of the evidence).

Appellant's second issue raises a weight of the evidence claim.  In order to raise a weight claim on appeal, Pennsylvania Rule of Criminal Procedure 607 requires an appellant to raise the claim with the trial judge in a motion for a new trial "(1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence

---

[2] We note that appellant's Rule 1925(b) statement contained argument after each issue in violation of Pa.R.A.P. 1925(b)(4).

motion." Pa.R.Crim.P. 607(A). "The purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." Pa.R.Crim.P. 607, comment.

Our review of the certified record before us reveals that appellant failed to raise his weight claim with the trial judge in a motion for a new trial orally, on the record, prior to sentencing; by written motion prior to sentencing; or in a post-sentence motion. Accordingly, appellant waives his weight claim on appeal.

Appellant finally claims that he was not required to preserve his claim by filing a post-sentence motion because DUI is a "petty offense." (Appellant's brief at 8, 21.) Appellant waives this issue on appeal for failure to raise it below. Pa.R.Crim.P. 607(A); Pa.R.A.P. 302(a); *see also Commonwealth v. Johnson*, 33 A.3d 122, 126 (Pa.Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/24/2020